HOGG v. LINDRIDGE et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1912.)

1. DOWER (§ 42*)—RELINQUISHMENT—CONTRACT.

Where a separation agreement provided that, in consideration of an annual payment by a husband to plaintiff wife of $5,200 during her life or until her remarriage, she agreed at her husband's request to unite with him at any time in the execution of deeds of any property that he then owned or might thereafter acquire without other compensation, and that the provisions of the agreement should bind the heirs, executors, administrators, or personal representatives of both parties, such agreement operated as an extinguishment of plaintiff's dower in her husband's real property.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 123–128; Dec. Dig. § 42.*]

2. HUSBAND AND WIFE (§ 279*)—SEPARATION AGREEMENT—RESCISSION.

Where a wife executed a separation agreement by which she surrendered her dower in lieu of an annuity of $5,200 for life, and she received and retained such provision for a period of six years, she was not entitled to a rescission thereof for alleged fraudulent representations as to the amount of her husband's estate without having offered to return any balance of such payments remaining in her hands unexpended for her support, or allegation that no amount remained so unexpended, etc.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1054, 1056–1060; Dec. Dig. § 279.*]

Action by Caroline F. Hogg against Amelia T. Lindridge and others. On motion for leave to appeal to the Court of Appeals. Denied.

For former decision, see 136 N. Y. Supp. 1137.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Wood, Cooke & Seitz, of New York City, for the motion.

Stewart & Shearer and Henry W. Simpson, all of New York City, opposed.

RICH, J. The complaint alleges that on or about January 28, 1905, the plaintiff entered into an agreement of separation with her husband, Charles B. Hogg (now deceased), in and by which he agreed to pay her the sum of $5,200 per annum during her life or until her remarriage, and that he would effectually provide by his last will and testament for the payment of said amount to her yearly after his death if she survived him; that at the time of such agreement she did not know and had no means of ascertaining the condition or value of her

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

husband's property or income; that her husband and his attorneys falsely and fraudulently represented to her that he possessed only a moderate fortune, not more than $300,000 or thereabouts, and derived an income therefrom of not more than $15,000 per annum, and was consequently unable to make a larger provision for her; that she believed such statements, and, relying thereon, was thereby induced to execute the agreement securing to her the yearly payment aforesaid; that the representations so made were false and fraudulent, in that her said husband's net estate, when said agreement was executed, was of a value exceeding $1,000,000, from which he derived an annual income of between $70,000 and $100,000; that thereafter her said husband prepared and executed his will in and by which he secured to her the payment of said yearly sum of $5,200 during her life or until her remarriage, but provided that such bequest should be in lieu of dower in any real property of which he might die seised. It is alleged that this provision is a violation of the separation agreement; that certain trusts attempted to be created by the will are void, because the estate does not vest in the trustee in possession immediately on the death of the testator, but is postponed while being administered by the executor, and the relief demanded is that, notwithstanding the terms of the will, the plaintiff is entitled to dower in the real estate of her deceased husband; that the trust referred to, and remainders limited thereon, be adjudged void; that she be permitted to exercise a right to elect whether or not she will rescind the separation agreement "with the same force and effect as if she had so elected on the 31st day of January, 1905," the date of the will and three days after the date of the separation agreement; that upon such election she be adjudged entitled to such interest in the estate of her deceased husband as she would have been entitled to had he died intestate, and that she recover damages for the fraud and deceit practiced upon her, and for the violation by her deceased husband of the provisions of said separation agreement.

[1] I think the terms of this agreement establish conclusively the understanding and intent of the parties that the payment of the sum therein provided should extinguish the plaintiff's right of dower. The plaintiff covenanted that at the request of her husband she would unite with him at any time in the execution of deeds of any real property he then owned or might thereafter acquire "without compensation or payment other than hereinbefore provided," and such covenant, with all the other provisions and agreements in the instrument, are to apply to, bind, and be obligatory upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties, or either of them, "whether so expressed or not." It seems clear that the executors of the deceased husband could compel the plaintiff to unite with them, under the provisions of the agreement, in conveyances of all of the real property of which he died seised, without compensation other than the payment of the annuity provided, and while the agreement does not, in terms, release the wife's inchoate right of dower, such is the effect of the provisions referred to.

[2] Having received and retained the pecuniary provision provided

in such instrument for a period of six years, and not having returned or offered to return the same, she must be held to have elected to accept it in lieu of dower. She cannot have both the pecuniary provision and dower, and I regard her claim to dower barred in equity. Real Property Law (Consol. Laws 1909, c. 50) § 199; Jones v. Fleming et al., 104 N. Y. 418, 432, 10 N. E. 693.

The complaint does not allege facts sufficient to support an action for dower (section 1606, Code Civil Procedure) or for damages arising out of the alleged fraud, which action, if one exists, must be at law and not in equity. There is no averment that the money paid under the agreement, amounting to upwards of $31,000, has been wholly expended in her support, or for any other purpose, nor does it allege an impossibility or hardship in returning the unexpended portion or extraordinary circumstances taking the case out of the general rule that a wife when asking for the rescission of a contract for her separate support must, as a condition precedent to such rescission, return or offer to return any balance of such payments remaining in her hands unexpended for her support. Hungerford v. Hungerford, 161 N. Y. 550, 56 N. E. 117. I think the trust is valid for the reasons stated by the learned trial justice in his memorandum opinion.

No good reason is shown why this motion should be granted, and it ought to be denied, without costs. All concur.