NARCISSA I. MITCHELL, Appellee, *vs.* ARTHUR C. MITCHELL, Appellant.

*Opinion filed April 23, 1914.*

1. APPEALS AND ERRORS—*a decree must recite sufficient facts to sustain it where there is no certificate of evidence.* A decree granting affirmative relief must recite sufficient facts to sustain it on appeal if there is no certificate of evidence.

2. CONTRACTS—*party cannot rescind contract in part and affirm it as to the residue.* As a general rule, a party cannot rescind a contract in part and affirm it as to the residue, and, except in certain cases, if he seeks to rescind a contract upon the ground of fraud he must do so *in toto* and offer to return the consideration.

3. HUSBAND AND WIFE—*when wife is not entitled to rescind contract.* Where husband and wife are each competent to contract at the time a contract is made for a division of property between them in contemplation of their living apart, the wife is not entitled to have the contract rescinded so far as it is to her disadvantage and confirmed so far as it is to her advantage, without restoring or offering to restore the consideration for the contract in so far as she is able to restore it.

APPEAL from the Circuit Court of Franklin county; the Hon. WILLIAM H. GREEN, Judge, presiding.

NELSON B. LAYMAN, (THOMAS J. LAYMAN, of counsel,) for appellant.

HART & WILLIAMS, and MOSES PULVERMAN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from the circuit court of Franklin county in a separate maintenance suit.

Appellant and appellee were married in May, 1890, and lived together until June 3, 1913, when the separation occurred. At that time there were eight living children born of the marriage. The oldest daughter is married and living with her husband and the oldest son is twenty years of age. The ages of the other children range from fourteen years down to two years, and the bill alleges that the appellee was, at the time she filed her bill, about to become the mother of another child by appellant. The bill charges that on June 3, 1913, appellant assaulted appellee and beat her about the head and body with a heavy stick, severely and painfully injuring her, and caused her to leave his house and take refuge with relatives, and that thereafter appellant refused to live with appellee but took up his residence elsewhere than the farm home, where they had always lived. The bill describes the real estate belonging to appellant, and alleges he was worth in personal and real property $75,000. All of the children except the two oldest continued to live with appellee after the separation. Further facts alleged and not in dispute are, that after appellee left her home at the time of the separation appellant took the two youngest children away from the home and concealed their whereabouts until the making of the agreement hereinafter referred to. Prior to the separation the parties had lived and made their home on a farm of 320 acres near Christopher, Illinois.

On the sixth day of June appellant and appellee met at a lawyer's office, where a written agreement was prepared and signed by them, in which it was recited they had mutually agreed to live separate and apart, and being desirous of

settling their property interests they agreed to meet at the same place again on the tenth day of June to make a more full and complete settlement of the matter. In the instrument prepared and signed by the parties on the sixth day of June it was agreed that appellant would make and deliver a good and sufficient deed to appellee for the home farm of 320 acres, together with all the personal property on the farm except one horse and buggy, and appellee agreed to convey all her right, title and interest in all the remainder of appellant's real estate to him. Each party agreed to waive all homestead and dower interests in the property of the other, and upon the making of the permanent agreement appellee was to have the care and custody of all the minor children, but appellant was to have the privilege of calling to see them in a peaceable manner as often as once every two weeks, and appellee was to allow them to go to some place later to be agreed upon, to stay with appellant a day and night, if requested. On the tenth day of June the parties again met and signed an agreement for the settlement of their property rights and for the maintenance and support, during the life of appellee, of herself and the children. The agreement recited appellant had deeded appellee and the children the home farm, and that appellee had conveyed, by deed, all her interest in the other real estate owned by appellant. The agreement recited that appellee was to have the custody, care and control of the minor children, and she agreed to maintain them and keep them in school according to the requirements of the laws of the State of Illinois. Appellant was to have the privilege of visiting them at appellee's home every two weeks, and once every month was to have the privilege of taking said children, or one or more of them, away from the home and keep them not more than one day and night. All personal property on the farm was given to the wife as her sole and separate property. Each relinquished any right to any interest in property, real or personal, that

might afterwards be acquired by the other, and each was to have the right to dispose of his or her property without interference from the other. The agreement contained other provisions not necessary to be mentioned in the consideration of this case. Appellant and appellee joined in the deed conveying to appellee the home farm of 320 acres for her life with remainder in fee to the children. Appellee joined with her husband in the execution of deeds to a third party for all the remainder of the real estate and said third party immediately conveyed same to appellant.

The bill was filed August 21, 1913, and in addition to asking for separate maintenance asked that the agreements of June 6 and 10, and all the deeds of appellant and appellee to the third party, and of said third party back to appellant, be canceled and set aside. The bill sets out the conduct of appellant in taking from their home the two youngest children and concealing their whereabouts from appellee, the distress of mind caused appellee thereby, and further alleges that the agreement of June 6 was procured by coercion, duress and fraud, and that the appellee was induced to sign the agreement of June 10, and the deeds of same date, by the fraud and misrepresentation of appellant. The bill alleges appellee did not understand the nature and effect of the transaction but was assured she was receiving all she was entitled to under the law as her share of her husband's estate. Since June 10 the six minor children have resided with appellee on the home farm and no support has been furnished them by appellant. The bill alleges the income from the farm and the personal property appellee has received is insufficient to support appellee and the children and that they have no other means of support, while appellant has ample means and a large income. Appellant answered denying the material allegations of the bill, and denied that appellee was entitled to the relief prayed or any part thereof.

The right to join in a bill for separate maintenance, which is a statutory action, the other elements embraced in this bill and the prayer for the other relief asked have not been questioned or discussed in the briefs of counsel. Without intimating any opinion on that question, we have considered the case on the principal questions raised and discussed in the briefs.

There is no certificate of evidence in the record, but the decree finds that the agreements of June 6 and 10, and the deeds to appellant for the real estate, were procured from appellee by fraud, and they are vacated, annulled and set aside. The deed for the farm to appellee and the children is not set aside. The personal property on the farm, which was given to appellee at the time the deed was made, is found to be of the value of $5000, and it is given to appellee as her absolute property. The decree further adjudges that appellant pay appellee for her separate support and maintenance and the support and maintenance of the children,. $50 on the first Monday of each month, beginning with the first Monday in October. Appellant is permitted to sell and convey any of the real estate, not including the home farm, provided he deposit in the First National Bank of Christopher one-third of the sale price, to be applied in payment of the $50 per month awarded appellee, and upon his doing this appellee is directed to join with him in the deed. The decree finds the value of the real estate conveyed to appellant is $20,000, that he owns cash, notes and accounts of the value of $8000, and that he has an income from rents of buildings of $90 per month.

It is contended the facts recited in the decree do not justify the conclusion that the post-nuptial agreements and deeds were obtained by appellant by fraud. Where there is no certificate of evidence the decree must recite sufficient facts to sustain the conclusions of the chancellor. (*Grob* v. *Cushman,* 45 Ill. 119; *Durham* v. *Mulkey,* 59 id. 91;

*Village of Harlem* v. *Suburban Railroad Co.* 202 id. 301; *Grays Lake M. E. Church.* v. *Metcalf,* 245 id. 54; *Buettner* v. *Glos,* 240 id. 9.) The recital of facts in the decree upon which the chancellor based his conclusion that the agreements and deeds were procured by fraud is somewhat meager, but if that were the only objection to the decree we would not be disposed to reverse it on that ground.

It is also insisted the court erred in decreeing a rescission of a part of the settlement between appellant and appellee and leaving part of it in force. There was no offer in the bill to restore the consideration received by appellee at the time the agreement and deeds were executed or to place appellant *in statu quo,* and the only part of the transaction set aside by the decree is the agreement between the parties for the settlement of their property rights and the deeds to appellant. Appellee retains her life estate in the home farm and also retains the personal property given to her at the time the agreements and deeds were made. The general rule is that a party cannot affirm a contract in part and rescind as to the residue. If he rescinds the contract he must do so *in toto* and return the consideration received on the contract sought to be rescinded. When a party discovers fraud has been practiced upon him in making a contract he should tender what he has received under the contract as a condition to its rescission. (*Bowen* v. *Schuler,* 41 Ill. 192; *Ryan* v. *Brant,* 42 id. 78; *Wolf* v. *Dietzsch,* 75 id. 205; *Brady* v. *Cole,* 164 id. 116; *Strong* v. *Lord,* 107 id. 25; *Smith* v. *Brittenham,* 98 id. 188.) There are certain exceptions to this rule, such as where what has been received is worthless, or where, because of peculiar circumstances not the fault of the party seeking rescission, restoration of that received is impossible; (*Smith* v. *Long,* 106 Ill. 485;) also where one, with knowledge that the grantor is mentally unsound and incapable, delivers to him money or property in exchange for land with the intention to take advantage of the grantor on account of his infirmity

and the money or property is wasted or lost by the grantor, it will not be required to be restored as a condition precedent to rescission. (*Ronan* v. *Bluhm,* 173 Ill. 277; *Hardy* v. *Dyas,* 203 id. 211.) This case does not come within any exception to the rule governing the rescission of contracts. So far as appears from the decree, appellee was able to restore the consideration she had received. She could not re-invest appellant with the remainder in fee to the home farm, but this she could not have been required to do, as appellant had by his own act placed that out of her power. It was the duty of appellee, under the law, to restore, or offer to restore, the *status quo* to entitle her to a rescission of any part of the agreement and transaction between her and appellant. If, as she alleged in her bill, appellant was at the time of the separation worth $75,000, this would make the value of the home farm more than $30,000. It might be that if she had offered to restore the consideration received by her for entering into the agreement and making the deeds to appellant she would have been entitled to as much as the decree awards her, but the possibility of that being true does not authorize an affirmance of a decree rescinding the contract in so far as it was beneficial to appellant and sustaining it in so far as it was beneficial to appellee. She could not, under the law, have a rescission in so far as it was to her disadvantage and an affirmance in so far as it was to her advantage.

Some other objections are made to the decree, but as they are not likely to occur upon another trial we deem it unnecessary to discuss them.

For the error indicated the decree is reversed and the cause remanded.       *Reversed and remanded.*