HOGG v. MAXWELL et al.

(Circuit Court of Appeals, Second Circuit. December 14, 1915.)

No. 21.

PERPETUITIES ⬥4—SUSPENSION OF ABSOLUTE OWNERSHIP—TRUSTS.

A testator in the fifth clause of his will gave his residuary estate to a trust company, in trust to invest and keep it invested, pay the income to his widow and daughters during the widow's lifetime, and upon her death or remarriage to divide it into as many equal shares as there might be daughters living and issue of daughters dead, and thereafter pay the income of the share of each daughter to her. The seventh clause appointed executors, and authorized and empowered them to lease or sell all or any portion of the real estate of which he might die seised as should seem best in their discretion, and execute and deliver good and sufficient leases and conveyances, to retain any securities and investments, and turn over all or any part thereof to the trustee, and empowered the trustee to accept and hold any such securities and investments, and apportion them among the different trust funds. It further directed that certain securities should not be disposed of by the executors or the trustee during the lifetime of the wife without the consent of the surviving children, or after her death or remarriage by the trustees without the consent of the beneficiary of the fund to which they might be apportioned. It further authorized and empowered the executors and trustee to invest the moneys of the estate in certain railroad bonds and stocks. The statutes of New York provide that the absolute ownership of personal property shall not be suspended by any limitation or condition for longer than during two lives in being at the death of the testator. *Held* that, while the words "executors and trustees" repeatedly appeared in conjunction, it was not intended to give the executors any other or different status from what they would have as executors merely, and the will did not violate the statute, as statutes against perpetuities do not overthrow testamentary provisions because of the time elapsing during the necessary administrative work preliminary to the distribution of the estate among legatees.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44; Dec. Dig. ⬥4.]

Appeal from the District Court of the United States for the Southern District of New York.

Bill by Caroline F. Hogg against Lascelles C. Maxwell and others. Decree for defendants, and complainant appeals. Affirmed.

The suit is brought by the widow of Charles B. Hogg, a resident of New York state, to procure a construction of his will. The plaintiff contends that a certain trust created by the fifth clause of said will and the remainders limited upon it are void under the statutes of the state of New York against perpetuities.

The following is the opinion of Evans, District Judge, in the court below:

The complainant insists that the fifth and seventh clauses of the will of her late husband, Charles B. Hogg, are void under the statutes of New York against perpetuities and the suspension of the right of alienation. It is not altogether easy to grasp the ground of the argument in favor of complainant's contention, but it seems to be that the will makes it impossible for the vesting of certain estates, meant to be given the testator's grandchildren upon the death of the complainant and the testator's daughters, respectively, to

become effective upon the death of two persons in being at the time of the testator's death and the coming into possession by the United States Trust Company, as trustee, during which period nothing could come to the grandchildren or their respective mothers, and it is argued, therefore, that the bequests provided for in the fifth and seventh clauses of the will are not so made as to become effective upon the termination of two lives in being, but upon some other intervening contingency not embraced in the statutes.

This contention is largely based upon the fact that the coming into possession by the trustee must be suspended and delayed by the work of the executors, who are to administer the estate and reduce it to the condition in which it is required to be turned over to the trustee for the purposes provided by the will. Complainant's counsel has cited certain authorities, such as Matter of Wilcox, 194 N. Y. 288, 87 N. E. 497, Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585, Morse v. Morse, 85 N. Y. 53, Smith v. Edwards, 88 N. Y. 92, and others of similar character; but we have not been convinced that they apply to or should control the case in hand. The Legislature must be presumed to have had in contemplation the fact that inevitably there would in every case be required more or less time to prepare an estate for distribution by the ascertainment and settlement of the testator's indebtedness, and it would seem very clear that the statutes under consideration had reference to the *termination* of certain possible long periods, and that in legislating against perpetuities the lawmaking power did not intend to overthrow testamentary provisions such as appear here upon the ground that at the *beginning* it would take some months to do the necessary administrative work preliminary to the distribution of the estate among legatees. It must be supposed that this necessary status was not an evil to be remedied by legislation.

But no elaboration of our views seems to be at all necessary as we are clearly of the opinion (1) that the assailed provisions of the will are not open to the objections made; and (2) that the statutes relied upon do not admit of the interpretation we have been urged to adopt. Nor is it necessary to comment upon the defense of prior adjudication, for while it would seem very probable that the state courts, in considering the clauses of the will now again brought in contestation, have entertained views similar to those we have expressed, nevertheless this case will be well decided if, independently of the question of res adjudicata, our ruling that the fifth and seventh clauses of the will are valid be correct.

It results that a decree must be entered dismissing the bill, with costs.

Wood, Cooke & Seitz, of New York City (William G. Cooke and Howard O. Wood, both of New York City, and Howard Chipp, of Kingston, N. Y., of counsel), for appellant.

Stewart & Shearer and Henry W. Simpson, all of New York City (William A. W. Stewart and George L. Shearer, both of New York City, of counsel), for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The nub of the case is well stated by Judge Evans, as follows:

"In legislating against perpetuities the lawmaking power did not intend to overthrow testamentary provisions such as appear here upon the ground that at the beginning it would take some months to do the necessary administrative work preliminary to the distribution of the estate among legatees. It must be supposed that this necessary status was not an evil to be remedied by legislators."

This is in accord with the views of the state courts expressed in a suit between the same parties to construe this same will. In that suit it was prayed that the trust attempted to be created by the fifth clause of the will and the remainders limited thereon be adjudged void. The

Supreme Court, Special Term, stated the contention of the plaintiff in that suit as being:

"That the trusts created by the will are invalid because the estate does not vest in the trustee in possession immediately on the death of the testator but is postponed while it is being administered by the executors. The plaintiff also claims that all the contingencies on the happenings of which the ultimate estates in remainder vest, may happen while the property of the estate is in the hands of the executors, and the time allowed by law for the suspension of the power of alienation may pass before the trust estate comes into possession of the trustee."

This is precisely the argument here presented. The Special Term, the Appellate Division (151 App. Div. 514, 135 N. Y. Supp. 928, and 151 App. Div. 885, 136 N. Y. Supp. 1137), and the Court of Appeals (206 N. Y. 743, 100 N. E. 1128) all decided adversely to the plaintiff.

The fifth clause is too long to quote; it gives all the residue of testator's property, real and personal (after payment of certain specific legacies), to the United States Trust Company, in trust to invest and keep invested, to pay out of the income to the widow (until death or remarriage) $5,200 annually, to pay the balance of income annually in equal shares to testator's three daughters (with the usual provision for surviving children of deceased daughters); as to the principal of the trust fund, upon death or remarriage of the widow, to divide the same into as many equal shares as there may be daughters living and issue of daughters dead; thereafter during the life of any then surviving daughter to pay the income of her share to her, and at her death to pay over the principal to her issue surviving. There is the usual provision to cover the case of a daughter dying without issue.

Plaintiff concedes that this is a perfectly valid clause, and that, if the seventh clause of the will had merely nominated and appointed executors, this suit would not have been brought. She seeks to sustain the bill on what seems to us a strained and unreasonable construction of this seventh clause. That clause reads as follows:

"Seventh. I hereby nominate and appoint my sons-in-law Lascelles C. Maxwell and Thomas Y. Crafts, both of the borough of Brooklyn, city and state of New York, to be the executors of this will, and I hereby authorize and empower them and the survivor of them to lease or sell all or any portion of the real estate of which I may die seised, at such times and in such manner as shall seem best in their discretion, and to execute and deliver good and sufficient leases and conveyances therefor; and I also authorize and empower my said executors to retain any securities or investments in my possession at the time of my death and to turn over all or any part of such investments to my said trustee, and my said trustee to accept and hold any such securities or investments and to apportion them among the trust funds hereinbefore created at the respective market prices of such investment when so turned over or apportioned; and I further direct that the securities of the Standard Oil Company which may be held by me at the time of my death shall not be disposed of by either my executors or my said trustee during the life of my above mentioned wife without the consent of all my children surviving at the time and that after the division of my property upon the death or remarriage of my said wife, that none of such Standard Oil Securities shall be disposed of by my trustees without the consent of the beneficiary of the fund to which the same may respectively be apportioned; I further authorize and empower my said executors and my said trustee to invest the moneys of my estate which may come into their hands in the first mortgage bonds and stocks of any railroad company owning or operating a railroad within the United States

of America which has paid its dividends of not less than four per centum per annum upon its capital stock for not less than ten consecutive years immediately preceding such investment, as well as in the securities authorized by law."

The statutes of New York provide that the absolute ownership of personal property shall not be suspended by any limitation, or condition for a longer period than during the continuance and until the termination of not more than two lives in being at the death of the testator. That is the period of suspension provided by the fifth clause with its express trust. The theory of plaintiff is that the seventh clause creates another trust estate vested in the executors, which estate may possibly unlawfully postpone the taking effect of the United States Trust Company's trust as well as the remainders limited to the issue of the daughters.

The draughtsman would have produced a more carefully articulated structure, if he had inserted two clauses (instead of the seventh single clause), one dealing with special powers or authorization to the executors, the other dealing with special powers or authorization to the trustee. It is generally desirable to provide some such authorization as to sale or leasing, as to retention of investments, as to distribution of designated investments, as to investment and reinvestment of money realized from sales. In this case it was the wish of the testator to give the same power and authority in these matters to the trustee that he gave to the executors, so the draughtsman undertook to make provision for both these grants of power in a single clause. In consequence the words "executors and trustees" repeatedly appear in conjunction; but it seems to us perfectly manifest that there was no intention to give the executors any other or different status from what they would have as executors merely, on whom certain authority as to marshaling and investments was given, without the exercise of which administration would prove more burdensome to the estate.

We concur with Judge Evans in his reasoning and conclusion.

The decree is affirmed, with costs.