MAYBELLE B. MACBARB, Appellant, *v.* ROBERT MACBARB, Respondent.

Second Department, December 20, 1943.

*Maurice Edelbaum* and *Max D. Blossner* for appellant.

*Charles Rothenberg* for respondent.

*Per Curiam.* The action is for separation on the ground of cruelty and nonsupport, and to set aside a separation agreement. The parties were married on January 5, 1932. The separation agreement was executed on March 16, 1943, and the action was instituted on August 6, 1943. The agreement recites that defendant paid the plaintiff $11,000 in satisfaction of all claims she then had or might thereafter have against her husband for support, maintenance and counsel fees, and by reason of any other claim or cause. In her complaint plaintiff alleges that the agreement violates section 51 of the Domestic Relations Law and is void in that it was improvidently and

inadvisedly entered into by her as a result of fraud, misrepresentation, oppression and coercion practiced upon her by defendant, and that defendant is able to support her in a manner far in excess of that provided for by the agreement. The court, on defendant's motion, dismissed the complaint as insufficient because plaintiff did not allege that she returned or offered to return the $11,000 which she received upon the execution of the agreement; nor does she allege any reason for her failure to do so. Plaintiff appeals.

While in an action for rescission of a separation agreement the wife, as a condition precedent to such rescission, must allege that she has returned or offered to return the money she received or the balance of such money not expended for her support, or allege extraordinary circumstances taking the case out of the general rule (*Hungerford* v. *Hungerford,* 161 N. Y. 550; *Galusha* v. *Galusha,* 138 N. Y. 272; *Hogg* v. *Lindridge,* 151 App. Div. 513), in our opinion the complaint is sufficient. It is alleged that the $11,000 paid on the execution of the agreement was for plaintiff's support and maintenance and was also in discharge of a claim for an accounting which plaintiff had against defendant for moneys earned by both of them while working for the same company between the years 1932 and 1942. It is also alleged that the $11,000 represented a sum which defendant at least would have been legally obligated to pay on that claim. If the court, upon the trial, should set aside the agreement and also determine that it would be inequitable to permit plaintiff to retain the $11,000, the court, by its judgment, may require complete or partial restitution. The decision of the court in consolidating an action brought by the defendant against plaintiff in the City Court of the City of New York with the instant action is not *res judicata* on the issue of the sufficiency of the complaint.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and ADEL, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.