In the Matter of the Estate of HAROLD D. KITTINGER, Deceased.

Surrogate's Court, New York County, November 21, 1950.

378

*Daniel G. Tenney, Jr.*, and *John J. Duffy* for Chase National Bank of the City of New York, as executor of Harold D. Kittinger, deceased, petitioner.

*Francis J. Mahoney* and *Michael J. Mahoney* for Joyce Kittinger, respondent.

COLLINS, S.  The executor of decedent's will has brought this proceeding pursuant to section 145-a of the Surrogate's Court Act, to obtain a determination as to the validity and effect of an election of the alleged wife of decedent to take against the provisions of his will.  The petition alleges that decedent and his then wife, the respondent herein, entered into a separation agreement in which respondent waived all her rights in decedent's estate and, subsequent to the execution of that separation agreement, respondent instituted a divorce action in the State of Florida in which action decedent appeared and which resulted in a final decree of divorce in respondent's favor.  The instant motion is made by petitioner to strike out the affirmative defense

of respondent's answer which contains allegations that the separation agreement was signed by her and the divorce action was prosecuted by her under coercion and compulsion.

The primary and principal question is whether or not under the pleaded facts the procurement of the Florida divorce decree bars the asserted right of election. If that question is answered in the affirmative, the existence of the separation agreement is inconsequential. It is the contention of the petitioner that the Florida divorce decree is not subject to collateral attack. Opposing this is the assertion of the respondent that the coercion and compulsion which induced the procurement of the divorce constituted a fraud upon the Florida court. A foreign judgment fraudulently obtained is not entitled to protection under the full faith and credit clause of the United States Constitution and may be attacked collaterally (*Prime* v. *Hinton,* 244 App. Div. 181; *Averbuck* v. *Averbuck,* 270 App. Div. 116; *Andrews* v. *Andrews,* 188 U. S. 14; *Dobson* v. *Pearce,* 12 N. Y. 156; *Hunt* v. *Hunt,* 72 N. Y. 217; *Gray* v. *Richmond Bicycle Co.,* 167 N. Y. 348). The issues presented in this proceeding involve the application of the laws of the State of New York governing the inheritance and disposition of the property of a deceased resident of this State. A particular question is presented as to a property right claimed by respondent in decedent's estate by the operation of section 18 of the Decedent Estate Law. This court has full power to determine the issue as to the existence or nonexistence of that property right and in making its determination the court may consider the validity and effect of the foreign divorce decree (*Starbuck* v. *Starbuck,* 173 N. Y. 503; *Matter of Swales,* 60 App. Div. 599, affd. 172 N. Y. 651; *Kerr* v. *Kerr,* 41 N. Y. 272; *Matter of Adams,* 182 Misc. 937, affd. 267 App. Div. 985, motions for leave to appeal denied, 268 App. Div. 849, and 293 N. Y. 933, certiorari denied, 324 U. S. 865; *Matter of Johnson,* 301 N. Y. 13).

In *Matter of Adams* (*supra*) the proceeding was one brought by executors pursuant to section 145-a of the Surrogate's Court Act. The position of the executors was that a Nevada divorce decree, obtained by the former wife in a proceeding to which decedent was a party, barred a right of election. The former wife pleaded a pending action in Nevada to set aside the divorce decree upon the ground of extrinsic fraud practiced upon her by her husband and his attorneys in that she was forced to obtain the decree by threats, duress and coercion. The court found, after trial of the issues, that the procurement of the

divorce decree was the voluntary act of the wife. In that decision, Surrogate Foley ruled: " The Surrogate holds, therefore, that the respondent, the former wife here, is barred as a matter of law under subdivision 3 of section 18 of the Decedent Estate Law, by her *overt* act in procuring the decree of divorce which she *voluntarily* sought in Nevada, whether it is vacated or not." (182 Misc. 937, 942; emphasis added.)

In *Matter of Rathscheck* (300 N. Y. 346) it was held that a wife who *voluntarily* had procured a foreign divorce, not here recognized as valid, was barred from sharing as a distributee of her husband's estate. The court said (p. 350): " No court may refuse to enforce the statutory penalty for that interdicted conduct."

In the case at bar it cannot presently be said that respondent's conduct was overt and voluntary. Respondent pleads that her acts in obtaining the divorce decree were involuntary, because they were performed under threats of death, and the duress of decedent constituted a fraud upon the Florida court. The defense of respondent presents an issue of fact to be disposed of at the trial. A like defense of coercion and duress is made in respect of the separation agreement and a similar issue of fact is raised (*Matter of Phillips*, 293 N. Y. 483; *Matter of Moore*, 165 Misc. 683, affd. 254 App. Div. 856, affd. 280 N. Y. 733; *Matter of Smith*, 243 App. Div. 348).

An analogy has been drawn by petitioner to the present proceeding and an action for rescission of a separation agreement. In the latter type of action it is required that the plaintiff allege the return or tender of at least so much of the consideration as had not been expended for support or, in the alternative, allege circumstances avoiding such requirement. (*Hungerford* v. *Hungerford*, 161 N. Y. 550; *Galusha* v. *Galusha*, 138 N. Y. 272; *Hogg* v. *Lindridge*, 151 App. Div. 513.) This proceeding is not brought to rescind the separation agreement. The narrow question that the court will be required to consider, if the bar of the divorce decree is overcome, is whether or not the separation agreement contains a binding waiver of the right of election. It may come to pass that a point will be reached in the litigation when the amount received by respondent under the agreement will have to be considered against decedent's obligation for support in order then to determine whether any equitable adjustment will be appropriate. At such time, proper equitable relief by way of restitution or offset can be granted. (*Galusha* v. *Galusha*, *supra*, pp. 284–285; *MacBarb* v. *MacBarb*,

267 App. Div. 183.) The failure to allege a return or tender of any part of the money received is not fatal under the circumstances pleaded.

Respondent's contention that the coercion continued until decedent's death is a sufficient answer, if proved, to petitioner's argument that the failure to attack the separation agreement during decedent's lifetime constituted a ratification of the agreement and laches.

The motion to strike out the affirmative defense in the answer is denied. Submit order on notice.