In the Matter of the Estate of NATHAN LIEBERMAN, Deceased.

Surrogate's Court, Kings County, June 11, 1954.

*Krause & Bedell* for Pauline Lieberman, petitioner.

*Lieberman & Rubinovitz* for Stanley Lieberman and another, as executors of Nathan Lieberman, deceased.

*Sidney Squire,* special guardian.

*Carl H. Heiberg* for Norwegian Lutheran Home and Hospital.

*Robert D. Steefel* for Federation of Jewish Philanthropies.

RUBENSTEIN, S. This proceeding concerns the validity of a right of election filed by the surviving spouse in the absence of testamentary provisions for her benefit.

The will is dated January 7, 1952. In anticipation of its execution, the petitioner, testator's widow, on December 31, 1951, agreed in writing to waive, renounce, relinquish and release her right of election or interest in testator's estate and, in lieu thereof, to accept an arrangement whereby testator would change certain insurance policies so that they would be payable to her as provided in said agreement. Testator executed and filed the settlement relating to the insurance polices and fully carried out his part of the agreement.

Petitioner now asserts that the waiver was obtained as a result of overreaching on the part of the testator and abuse of the confidential relationship which existed between them. The testimony is sufficient to sustain this charge and the court finds that the agreement was wrongfully obtained by testator and is wholly void.

May the petitioner under such circumstances have her intestate share in testator's estate and retain also the benefits established for her under the void waiver agreement? The court is of the opinion she may not. The attack upon the waiver is akin to an action to rescind an agreement. It has been the law that one who seeks to set aside a contract upon the ground of fraud, as here, must restore the consideration (*Johnson* v. *Johnson*, 206 N. Y. 561; *MacBarh* v. *MacBarb*, 267 App. Div.

183; *Batto* v. *Westmoreland Realty Co.,* 231 App. Div. 103; *Hogg* v. *Lindridge,* 151 App. Div. 513; *Mitchell* v. *Mitchell,* 263 Ill. 165, 170). The rule has been stated in the *Mitchell* case (*supra*), as follows: "If he rescinds the contract he must do so *in toto* and return the consideration received on the contract sought to be rescinded. When a party discovers fraud has been practiced upon him in making a contract he should tender what he has received under the contract as a condition to its rescission."

Section 112-g of the Civil Practice Act abolished the requirement of tender before an action was commenced but empowers the court under circumstances such as presently exist to direct restoration as a condition of its judgment for the purpose of adjusting "the equities between the parties that unjust enrichment is avoided."

As a condition of setting aside the waiver, the court directs petitioner to restore to the estate any and all the benefits already paid to her under the aforesaid insurance policies and, in addition, to execute and file with the insurance company a proper and sufficient assignment to the estate of all her future right, title and interest in and to said policies and any proceeds thereof. In the event that she is presently unable to restore the payments already made to her under said policies, petitioner will file a duly acknowledged consent authorizing the executors to charge her distributive share with such sums.

Submit decree, on notice, accordingly.