W. Vincent Grady, S.
The executor under the will of this decedent seeks a determination as to the validity and effect of an election made by the widow pursuant to the provisions of section 18 of the Decedent Estate Law to take her intestate share against the provisions of the will.
The will is dated August 2, 1954, and the decedent died on May 15, 1956, a resident of this county, leaving an estate in excess of $10,000. The only provision for the widow is contained in paragraph numbered “Sixth” of said will and reads as follows: “ I give, devise and bequeath to my wife the sum of one hundred ($100.00) dollars. The amount of this bequest is limited at the express request of my said wife.”
It is not disputed that the widow has duly complied with all statutory procedural requirements.
The sole question presented is whether or not a paper writing concededly signed by the widow constitutes a bar to the exercise by the latter of her statutory right of election.
The facts are in dispute. The executor claims that the paper writing is a duly acknowledged waiver of the right of election by the widow. The widow on the hearing claimed that the paper signed by her, was merely a receipt for $11,000, which she had advanced to her husband during his lifetime and which he returned to her on the date that she signed the receipt. She further claimed that she was upset and lost control of herself in the office of her husband’s attorneys and that at the time she was not represented by counsel. This- part of her testimony is not disputed by Merrill S. Effron, executor and one of decedent’s attorneys.
The widow further claims that she was in the office of Mr. Effron on July 20, 1954, the same date that the $11,000 was transferred from her husband’s bank accounts to her. (It is not disputed that the bank transfers were made on July 20, 1954.) However, Mr. Effron claims that the widow executed the waiver in his office on August 2, 1954, the same date that the decedent executed his last will and testament.
Mrs. Denny further stated that no one told her that she was releasing her rights to inheritance from her husband’s estate, and that she would not have signed if she knew the nature of the instrument. She also testified that she does not recall anyone asking her to acknowledge her signature at the time that she signed.
Mr. Effron on the other hand testified that Mrs. Denny understood the nature of the instrument, as it was explained to her that with the return of the $11,000 she was waiving any rights *477 in her husband’s estate. He also stated that the widow read the instrument before signing it, which she denies.
He further stated that the typing of the date and the typing of the acknowledgment on the waiver, were done by him at a subsequent time, about one month after the paper was signed. He further stated that in May, 1956, he gave the attorney for the widow, widow’s Exhibit A, which contained no date and no acknowledgment and was in the following form:
‘ ‘ In consideration of my husband, Walter C. Denny, having placed in my name, certain bank accounts consisting of funds in the sum of $11,000.00 which belonged to me prior to our marriage, and upon the further consideration of my said husband giving to me the sum of $10.00 per month for spending money, I hereby waive any and all rights, which I may have in the estate of my said husband.
‘ ‘ It is my intention to allow my said husband to draw money from the said bank accounts to take care of my needs.
Mr. Effron further testified that it was in October, 1956 that he gave the widow’s attorney, widow’s Exhibit B, which contained a date, August 2, 1954, and contained an acknowledgment. The complete exhibit is as follows :
August 2, 1954
‘ ‘ In consideration of my husband, Walter 0. Denny, having placed in my name, certain bank accounts consisting of funds in the sum of $11,000.00 which belonged to me prior to our marriage, and upon the further consideration of my said husband giving to me the sum of $10.00 per month for spending money, I hereby waive any and all rights, which I may have in the estate of my said husband.
“ It is my intention to allow my said husband to draw money from the said bank accounts to take care of my needs.
Anna Elizabeth Denny
“ State of New York County of Dutchess ss:
“ On this 2nd day of August, Nineteen Hundred and Fifty-four before me, the subscriber, personally appeared Anna Elizabeth Denny to me personally know and known to me to be the same person described in and who executed the within Instrument, and she duly acknowledged to me that she executed the same.
Merrill S. Eeeron Notary Public : Dutchess County ”
*478 William 0. McLaughlin, attorney for the widow, testified that it was on May 24, 1956, after he had requested a copy of the widow’s alleged waiver, that he received from Mr. Effron, widow’s Exhibit A, which contained no date or acknowledgment. He also said that Mr. Effron admitted to bim that the widow was upset when she signed the paper in his office. Mr. McLaughlin further stated that it was on October 17, 1956, that Mr. Effron gave him widow’s Exhibit B. which contained a date and an acknowledgment.
Two questions confront the court after hearing this testimony, namely:
(1) Was there a fraud practiced by the decedent on his wife, Anna Elizabeth Denny, when he got her to sign a receipt coupled with a waiver of election, in return for $11,000?
(2) Was the waiver of the right of election signed by the wife, duly acknowledged as required by law?
Let us first consider the question of fraud. Fraud may be defined as the gain of an advantage to another’s detriment by deceitful or unfair means. It may be (a) actual, where there is deliberate misrepresentation, concealment of fraudulent intent, or (b) constructive* where the court implies it either from the nature of the contract or from the relation of the parties, as in the case of a trustee and his cestui que trust. (Matter of Di Crocco, 170 Misc. 826, 827.)
It has been held that a presumption arises against the husband and in favor of the wife by reason of their confidential relationship and where the parties had been dealing on terms of inequality, particularly where the transaction results in detriment to the wife. (Matter of Rogers, 250 App. Div. 26, 28-29.)
While fraud is never presumed, and while, as a general proposition, the burden of establishing it rests upon him who asserts it, that rule is somewhat relaxed in cases where a fiduciary relation exists between the parties to a transaction, and where one is a dominant and controlling force over the other. In such case, if the superior party obtains a possible benefit, equity raises a presumption against the validity of the proceeding and casts upon such party the burden of proving its honesty and integrity and thereby overcoming such inference. (Hayes v. Kerr, 19 App. Div. 91; Butler v. Prentiss, 158 N. Y. 49.)
A fiduciary and confidential relation exists between the average husband and wife, and when the husband obtains an advantage by reason of a contract made by him with his wife, the burden is cast upon him to show that the agreement was freely and deliberately made, and that it is fair and equitable. *479 (Boyd v. De La Montagnie, 73 N. Y. 498, 502; Lamb v. Lamb, 18 App. Div. 250, 257; Haack v. Weicken, 118 N. Y. 67.)
These same authorities hold that in order to vitiate a release it is unnecessary to show actual or positive fraud on decedent’s part. If there was a breach by the decedent of any duty which he owed his wife or if he gained an undue advantage over her, or if he misled her to her prejudice, even though he intended no actual wrong, he still would be guilty of constructive fraud, and the instrument in question would be null and void. See, also, Matter of Phillips (293 N. Y. 483) wherein it was held that a presumption of fraud will only arise between persons standing in a mutual relationship of trust and confidence, as in the case of a husband and wife, where there is evidence of some overreaching, misrepresentation or deceit by reason of which there was advantage gained by the one who deceived or detriment to the one who was deceived. In the absence of such evidence, fraud will not be presumed. See, also, Matter of Lieberman (206 Misc. 263). On the testimony in that proceeding, the Surrogate found that an agreement whereby testator’s wife had waived and renounced her right of election in consideration of certain insurance policies being made payable to her, was obtained from her by testator as the result of his abuse of the confidential relationship between husband and wife and wholly void. In Matter of Nowakowski (284 App. Div. 655) the question of fraud and misrepresentation on the part of the decedent spouse was one of fact for the Surrogate to determine based on the credibility of the surviving spouse’s testimony.
In the instant case, it was conceded that there had been some differences between the decedent and his wife over the $11,000, and Mrs. Denny was upset when she signed the receipt and waiver in the office of the decendent’s attorneys, and she claims that full disclosures were not made to her by her husband or his attorneys as to the nature of the instrument she was signing, and it appears that she was forced to sign in order to get back her $11,000.
After hearing the evidence presented the court is of the opinion that Mrs. Denny never intended to execute a waiver of her right of election and that concealment of facts and deception were used by decedent with his wife, amounting to constructive if not actual fraud, in inducing her to sign a receipt in which was incorporated a waiver of her right of election in his estate, before he would return her $11,000.
This makes the waiver null and void and the widow is entitled to take her intestate share of decedent’s estate.
*480 In view of this determination, the question of the validity of the acknowledgment on the waiver becomes academic and is not passed upon at this time.
Submit decree on notice.