# Whitmer's Estate.

*Husband and wife—Antenuptial agreement—Knowledge of husband's estate.*

1. Parties to an antenuptial contract for the disposition of their estate do not deal at arm's length but stand in a relation of mutual confidence and trust that calls for the highest degree of good faith in disclosing all circumstances bearing on the contemplated agreement. But fraud is not to be presumed and the onus of proof is not changed in the absence of facts or circumstances from which concealment or imposition may reasonably be inferred.

2. Where a man eighty years of age enters into an antenuptial agreement with his housekeeper, a woman fifty-three years of age, by which they mutually renounce all rights in each other's estates, except that the woman is to receive a small sum of money from the executors of the man, and the woman has sufficient knowledge of the man's estate to enable her to act advisedly, she cannot after her husband's death renounce the agreement, and demand her share of his estate under the intestate laws.

Argued March 9, 1909. Appeal, No. 287, Jan. T., 1908, by Margaret Elizabeth Whitmer, from decree of O. C. Franklin

Co., dismissing exceptions to supplemental report of auditor in Estate of Jacob S. Whitmer, deceased.  Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.  Affirmed.

Exceptions to supplemental report of J. R. Ruthrauff, Esq., auditor.  Before GILLAN, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to supplemental report of auditor.

*W. K. Sharpe,* of *Sharpe & Elder,* for appellant.

*William S. Hoerner,* with him *George W. Atherton,* for appellees.

PER CURIAM, April 12, 1909:

Parties to an antenuptial contract for the disposition of their estates do not deal at arm's length but stand in a relation of mutual confidence and trust that calls for the highest degree of good faith in disclosing all circumstances bearing on the contemplated agreement.  But fraud is not to be presumed and the onus of proof is not changed in the absence of evidence of facts or circumstances from which concealment or imposition may reasonably be inferred: Robinson's Estate, 222 Pa. 115.

There is no evidence as to what took place at the execution of the agreement that the appellant seeks to have set aside, and in the absence of all proof it is presumed that there was no designed concealment or imposition.  By the terms of the agreement the decedent relinquished all claims to her estate and agreed that his executors should pay her $1,500.  She agreed to become his "wife, caretaker and nurse" during his natural life, and renounced all claim to his estate.  He was at the time eighty years of age and it was his third marriage. She was fifty-three.  He had five children of his first marriage living and she was a widow with three children, two of whom were married and the third was a boy of seventeen who con-

tinued to live with her after her marriage. They had both lived for many years in a small town, where each inhabitant knew all the others. For three or four years she had kept house for a man living across the street from the decedent and, when she lost her situation with him, she entered the employment of the decedent as housekeeper. The marriage took place three months later, and his death occurred a year afterwards. He had an estate of about $20,000, nearly all of which he had received from the estate of his second wife, concerning whose will there had been litigation to which much publicity had been given and which had terminated in his favor. The result and the amount received were subjects of general knowledge in the community. There was evidence that she had believed his estate to be much larger than it really was and that she had said that she signed the agreement because, if she did not, some other woman would and that she might as well have the money secured by it as anybody else. They deliberately made a bargain by which he secured a caretaker, and she secured a home and compensation for services to be rendered during a period of uncertain but necessarily quite limited duration. She had sufficient knowledge as to his estate to enable her to act advisedly, and there is no adequate reason for releasing her from her contract.

The decree is affirmed.