In the Matter of the Estate of BREWER D. PHILLIPS, Deceased.
BANK OF JAMESTOWN, as Executor of BREWER D. PHILLIPS, Deceased, et al., Appellants; LEWIS C. MERRILL, as Administrator of the Estate of ANNA H. M. PHILLIPS, Deceased, Respondent.

Argued October 3, 1944; decided November 30, 1944.

*Philip Halpern, Louis L. Jaffe, John E. O'Donnell, Clive L. Wright* and *Walter H. Edson* for appellants. I. There was no question of fact on the issue of fraud warranting submission of that issue to the jury. The Surrogate correctly directed a verdict against the petitioner. II. The agreement was fair and

reasonable on its face. (*Juhasz* v. *Juhasz,* 134 Ohio St. 257; *Taber* v. *First Citizens B. & T. Co. of Utica,* 247 App. Div. 580, 273 N. Y. 539.) III. Where the antenuptial agreement makes adequate provision for the wife, no presumption of fraud arises. (*In re Whitmer's Estate,* 224 Pa. 413; *In re Groff's Estate,* 341 Pa. 105; *Juhasz* v. *Juhasz,* 134 Oh. St. 257; *In re Koeffler's Estate,* 215 Wis. 115; *Jones* v. *McGonigle,* 327 Mo. 457; *Rolfe* v. *Rolfe,* 125 Me. 82.) IV. The antenuptial agreement was based upon a good consideration and was binding and effective. It barred the right of election under § 18 of the Decedent Estate Law. (*In re Moore,* 165 Misc. 683, 254 App. Div. 856, 280 N. Y. 733; *Clark* v. *Clark,* 28 Hun 509; *De Cicco* v. *Schweizer,* 221 N. Y. 431; *In re McGlone,* 258 App. Div. 596, 284 N. Y. 527.) V. The fact that Mrs. Phillips' release was subject to a condition subsequent does not affect its validity. The condition subsequent having been complied with, the release remained in full force and effect. (*Matter of Young* v. *Hicks et al.,* 27 Hun 54, 92 N. Y. 235.) VI. The testamentary trust satisfied the antenuptial agreement.

*William J. Darch, W. Travis Look* and *George W. Watson* for respondent. I. The facts proved by petitioner clearly raised a presumption of constructive fraud, imposition and overreaching, on the part of the decedent surrounding the execution of the alleged antenuptial agreement. The Appellate Division properly held that the direction of a verdict, and the denial of the motion for a new trial, were errors in law. (*Barnard* v. *Gantz et al.,* 140 N. Y. 249; *Pierce* v. *Pierce,* 71 N. Y. 154; *Graham* v. *Graham,* 143 N. Y. 573; *Haack* v. *Weicken,* 118 N. Y. 67; *Eaton* v. *Eaton,* 233 Mass. 351; *Irving Trust Co.* v. *Day,* 314 U. S. 556; *Matter of McGlone,* 258 App. Div. 596; *Matter of Smith,* 243 App. Div. 348; *Matter of Will of Smith,* 95 N. Y. 516; *Sarasohn* v. *Kamaiky,* 193 N. Y. 203.) II. Even if the antenuptial agreement could be deemed valid in its inception, Phillips, during coverture, committed material breaches of that agreement which have released his widow therefrom. (*Eaton* v. *Eaton,* 233 Mass. 351; *Krell* v. *Henry,* 2 K. B. 740; *Blackburn Bobbin Co.* v. *Allen* [1918], 1 K. B. 540; *Marks Realty Co.* v. *Hotel Hermitage Co.,* 170 App. Div. 484; *Matter of People* [*Bond & Mortgage Guar. Co.*] 267 N. Y. 419; *Berkowitz* v. *Brown,* 3

Misc. 1.) III. At most, Phillips acquired from Mrs. Phillips only an option or conditional right to obtain a release or waiver of rights in his estate by setting up a trust for her. No such trust was ever set up, and consequently Mrs. Phillips is entitled to assert her statutory right of election. (*Heller* v. *Pope*, 250 N. Y. 132; *Lee* v. *Woodward*, 259 N. Y. 149; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *Portuguese-American Bank* v. *Welles*, 242 U. S. 7; *Noble* v. *Higgins*, 214 App. Div. 135, 243 N. Y. 538; *Jacob & Youngs* v. *Kent*, 230 N. Y. 239; *Van Iderstine Co., Inc.*, v. *Barnett L. Co., Inc.*, 242 N. Y. 425; *Matter of Matthews*, 255 App. Div. 80; *Matter of Fowler*, 263 App. Div. 255, 288 N. Y. 697; *Matter of Wentworth*, 230 N. Y. 176; *Matter of Trumble*, 199 N. Y. 454; *Wells* v. *Squires*, 117 App. Div. 502, 191 N. Y. 529.) IV. The antenuptial agreement having been executed before September 1, 1930, by persons who were not spouses, cannot be deemed a waiver or release of the widow's elective right. (*Matter of Moore*, 165 Misc. 683, 254 App. Div. 856, 280 N. Y. 733.) V. Even if paragraph 9 of section 18 of the Decedent Estate Law included agreements between persons who were not spouses, the agreement in evidence cannot be deemed to defeat the right of election, because it contains no release or waiver of all petitioner's rights, as required by the statute. (*Matter of Legar*, 147 Misc. 286; *Matter of Epstein*, 176 Misc. 494; *Matter of Moore*, 165 Misc. 683, 254 App. Div. 856, 280 N. Y. 733; *Matter of Bommer*, 159 Misc. 511; *Thompson* v. *Thompson*, 163 Misc. 946; *Matter of Schmidt*, 171 Misc. 95, 257 App. Div. 827, 282 N. Y. 787.)

LEWIS, J. Brewer D. Phillips died testate on January 30, 1941, at the age of eighty-three years. Within a month thereafter his widow, Anna H. Merrill Phillips, then eighty-one years of age, was adjudged incompetent. She died on May 7, 1943. In the meantime, on April 14, 1941, during the intervening period of her incompetency, her committee instituted the present proceeding to establish her right by election under section 18 of the Decedent Estate Law to take an intestate share of her deceased husband's estate against the provisions of his will.

In its answer to the committee's petition the executor of the deceased husband's will alleged as an affirmative defense the

existence of an antenuptial agreement executed by the incompetent in 1921 in which she agreed conditionally that she would not contest her husband's will and would make no claim against his estate. The validity of that contract became the chief issue when the petitioner, by his reply, admitted that the incompetent had signed the antenuptial agreement but alleged that it was insufficient in law to bar her statutory right of election as a surviving spouse; that the agreement was not valid because its execution was procured by fraudulent representations by Mr. Phillips and by undue influence exerted by him; that the agreement had been breached by him during his lifetime by inducing his wife to convey certain property to him. These issues, except the last, were reduced to framed questions which were the subject of a jury trial in County Court. At the close of that trial the petitioner withdrew the issue of undue influence and a verdict was directed against the petitioner on the issue of fraud and deceit. Subsequently the Surrogate tried the remaining issues without a jury and reached the conclusion that the petitioner had failed to prove acts by Mr. Phillips which served to breach the antenuptial agreement. He also ruled that the agreement itself was sufficient in law to bar the statutory right of election by the incompetent as a surviving spouse. Upon appeal to the Appellate Division the Surrogate's decree dismissing the petition herein was reversed on the law and the facts, two Justices dissenting; certain findings adverse to the petitioner's position were reversed and the Surrogate was directed to enter a decree sustaining as valid the election made by the committee in behalf of the incompetent.

When the Legislature by section 18 of the Decedent Estate Law (L. 1929, ch. 229, as amd. by L. 1930, ch. 174) created the right in a surviving husband or wife to elect to take an intestate share against the will of a deceased spouse it provided in subdivision 9 of that statute for the release or waiver of that right by a written agreement which might be " * * * made before or after marriage." The same subdivision 9 contains the further provision — " An agreement so executed made before the taking effect of this section wherein a spouse has waived or released all rights in the estate of the other spouse shall be deemed to release the right of election granted in this section." Referring to the sentence last quoted above, it has

been said that — "The purpose of this new sentence was to give legal recognition to an agreement by which a husband or wife had waived all rights in the estate of the other spouse in an instrument executed *before* September 1, 1930." (*Matter of Moore,* 165 Misc. 683, 687, affd. 254 App. Div. 856, 280 N. Y. 733.)

The legal effectiveness of an antenuptial agreement, such as the one here involved, which antedated section 18, was thus preserved as a means to bar the new statutory right of election — provided the agreement in its inception was free from fraud and overreaching and was valid by common-law standards.

In the antenuptial agreement with which we are concerned are recitals, simply phrased, which set forth the facts that prompted the proposed arrangement and clearly manifest the intention of the two parties. The agreement provides in part:

"WHEREAS, the parties to this Instrument are both over the age of 60 years, and each have (sic) been married heretofore, and the husband of the said Anna H. Merrill heretofore died, and also the wife of the said Brewer D. Phillips died over a year ago, and each are now widow and widower, respectively, and contemplate inter-marrying, and

"WHEREAS, each have (sic) children by their former spouses, and it is the desire of each to thus inter-marry and leave the question of property not as a matter of Law, but as a matter of agreement — that is, as per the terms following herein.

"THEREFORE, in consideration of the premises, of the said marriage if consummated, and One Dollar ($1.00) to her in hand paid, receipt of which is hereby acknowledged, the said Anna H. Merrill agrees to and with the said Brewer D. Phillips that in the event of his death leaving a Last Will and Testament, that she will not contest said Will, nor make any claim to his Estate whatsoever; that it shall be the same so far as the parties to this Instrument are concerned as if he had died leaving no widow him surviving, even in the event of her surviving him.

"Provided, however, that by the terms of his Will or otherwise there shall be set aside at least the sum of Thirty Thousand Dollars ($30,000), the use and income of which shall be paid to her at least as often as once in each six months during the time that she remains the widow of the said Brewer D. Phillips, or

in the case of his dying intestate, that the heirs of the said Brewer D. Phillips will set apart to her by proper Instrument in writing signed by all the heirs, the said sum of at least $30,000.00 to be turned over to some bank, as Trustee, the Bank to be chosen by the said heirs of the said Brewer D. Phillips — the income from which shall be thus paid to her during her widowhood, at her death or marriage said $30,000.00 to become the property of the said heirs, and further that she does hereby grant and convey to the heirs or devisees of the said Brewer D. Phillips all her right of dower in and to any real estate of which he may die seized, and that she will execute any deed transferring such right of dower, providing the use of at least said $30,000.00 is made available to her during widowhood, and for that purpose employers (sic) the said heirs of the said Brewer D. Phillips, or any one of them, as her lawful attorney irrevocable to execute such conveyance.

" LIKEWISE, for the same consideration, and in consideration of the said agreement upon the part of Anna H. Merrill above set forth, the said Brewer D. Phillips does hereby agree to and with the said Anna H. Merrill that he will make no claim to her estate in case that he survives her of any name or nature whatsoever, and hereby relinquishes any tenancy by courtesy in and to any real estate in her name, and for that matter hereby conveys the same to the devisees of the Will, or the heirs of the said Anna H. Merrill, as the case may be, authorizing them, or any of them, in case of his refusal to execute a deed of the same, to sign, acknowledge and deliver such deed in his name, place and stead without any other or further consideration than the promise and agreement upon the part of the said Anna H. Merrill above set forth, to the end that it shall be the same as if the parties to this action had not married.

\* \* \* \* \* \* \*

" Provided always, that there be available for the use of the said Anna H. Merrill the income from at least said sum of $30,000.00 so long as she shall remain the widow of the said Brewer D. Phillips.

" FURTHER, and carrying out the true intent of this Agreement, the said Anna H. Merrill does authorize and empower the said Brewer D. Phillips as her true and lawful attorney irrevocable to sign her name to any deed to real estate during

coverture upon .any deal of real estate owned by Brewer D. Phillips.

" FURTHER AGREED, that such Powers of Attorney herein expressed will be executed separately, so it will be absolutely unnecessary to record this Instrument prior to the death of either party.

" IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the day and year first above written."

The agreement was executed June 10, 1921, under seal. In addition to the acknowledgment by each party of the giving and receiving of consideration there are formal recitals anticipating the marriage of the parties and in relation thereto mutual covenants which import consideration sufficient in law. (*De Cicco* v. *Schweizer,* 221 N. Y. 431, 438–439; *Clark* v. *Clark,* 28 Hun 509; *Cochran* v. *Taylor,* 273 N. Y. 172, 178–184.)

We regard the agreement as fair and reasonable on .its face. There is no evidence that facts were concealed or misrepresented by either party which motivated the arrangement intended. Nor is there evidence which suggests that when the agreement was executed — more than nineteen years before Mrs. Phillips was adjudged incompetent — she failed fully to understand its terms or that her action in executing it was induced by her fiancé's deceit. There is no evidence that at the time the agreement was made the provision for the incompetent was disproportionate to the means of her intended husband. The condition inserted for her benefit — that her husband by his will or otherwise would provide a fund of $30,000 to afford her an income while she remained his widow — was fulfilled. A careful scrutiny of the record discloses no instance when she complained of the conduct of Brewer D. Phillips either before her marriage to him or during her life as his wife for nearly twenty years and there is no proof of fraud or overreaching at any time on his part. Indeed, as we view the record there is no evidence that the antenuptial agreement was breached by either party. On the contrary, the record points unerringly to the conclusion that the agreement served the intended. purpose of the two parties concerned with its fulfillment.

Given those circumstances as a basis for our decision we cannot accept the respondent's argument that, regardless of the

fairness and reasonableness of the agreement, it is burdened by a presumption of fraud arising from the confidential character of the relation of the parties.

Knowing that there are "considerations of public policy which cluster about contracts that touch the marriage relation" (*De Cicco* v. *Schweizer, supra,* p. 439), we read chapter 174 of the Laws of 1930 — amending section 18 of the Decedent Estate Law — as an expression by the Legislature of public policy which gives approval to antenuptial agreements made prior to 1930 and thereafter. To ascribe to such an agreement inherent fraud without regard to the fairness of its provisions and the reasonableness of the purpose to be accomplished or to the circumstances in which the agreement was proposed, is not, we think, in line with such public policy. True it is that parties to an antenuptial agreement stand in a relation of mutual confidence which calls for good faith of a high standard in disclosing those circumstances which are relevant to the contemplated arrangement. As a consequence, where such an agreement becomes the subject of litigation, the courts will exercise rigid scrutiny as those circumstances are examined. But, in the absence of proof of facts from which concealment or imposition may reasonably be inferred, fraud will not be presumed. (*In re Whitmer's Estate,* 224 Pa. 413; *In re Groff's Estate,* 341 Pa. 105; *Juhasz* v. *Juhasz,* 134 Ohio St. 257, 264–5; *In re Koeffler's Estate,* 215 Wis. 115, 123–125; *Jones* v. *McGonigle,* 327 Mo. 457.) Such a presumption must have as its basis evidence of overreaching — the concealment of facts, misrepresentation or some form of deception. It was that type of evidence upon which rested the decisions in *Pierce* v. *Pierce* (71 N. Y. 154), and *Graham* v. *Graham* (143 N. Y. 573). We find no evidence of that character in the record now before us.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, without costs. (See 294 N. Y. 662.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.