In the Matter of the Estate of Ashley G. Richardson, Deceased.

Surrogate's Court, Cortland County, May 20, 1948.

*Irving K. Levinson* and *George B. Becker* for Jennie B. Richardson, petitioner.

*Milton E. Bander* for Lloyd Smith, as executor of Ashley G. Richardson, deceased.

*Charles E. Winslow*, special guardian for Sylvia Reynolds and others, infants, and attorney for Carl Reynolds, general guardian of said infants.

Ames, S.  Ashley G. Richardson died a resident of the village of Marathon, in this county, on the 21st day of February, 1947, leaving a last will and testament dated September 20, 1946.  This was admitted to probate in this court on February 28, 1947, and letters issued to Lloyd Smith, the executor named therein.  The petition for probate alleged among other things that decedent left him surviving a brother, who waived service of a citation, and a widow, Jennie B. Richardson, whose residence and where-

abouts were unknown but who had released her rights and all interest in decedent's property by a written agreement dated July 24, 1916. The written agreement was filed with the petition, waiver and will.

On December 5, 1947, the executor filed his account and petition for a judicial settlement. In the meantime, Mrs. Richardson had learned of her husband's death and made her whereabouts known. She was made a party to the judicial settlement and named in the citation issued returnable in this court on December 22, 1947. On the return of the citation, adjournment was taken to January 12, 1948, on which date proceedings were commenced on behalf of Mrs. Richardson to relieve her of her default in filing a notice of election under section 18 of the Decedent Estate Law. By an order of this court dated January 27, 1948, made after hearing in the matter, she was relieved of her default and thereafter and on February 18, 1948, she caused to be filed in this court a notice of election in the usual form. This proceeding was made a part of the proceeding for a judicial settlement and is contested by the executor and the special guardian for certain interested infants.

It appears from the evidence that decedent and petitioner herein were married on October 29, 1912; that Mrs. Richardson had been previously married; that the issue of her first marriage was two children; that there was no issue of her marriage to Richardson. Her children by her first marriage were a boy ten years of age, and a daughter fourteen years of age at the time she married Richardson. They lived together from the time of the marriage until about November 1, 1915, when they separated. It appears Richardson was the one to leave, taking certain furniture and effects with him. Thereafter Mrs. Richardson worked and supported herself and children, apparently with no help from Richardson. She was a teacher and during the summer of 1916, decided to again take up her profession and consulted an attorney in an effort to arrive at some understanding with her husband. As a result, the agreement in writing mentioned above was executed and was in evidence in this matter.

This agreement is dated July 24, 1916. It was signed and acknowledged by the parties on that date. Separate acknowledgments were used, her attorney, Clayton R. Lusk, acting as notary public in taking her oath and Charles V. Coon, Richardson's attorney, acting on his behalf. The agreement follows the usual form for separation agreements between husband and wife in most particulars. The parties mutually agree to continue living

separate and apart; each covenants and agrees to observe and perform the covenants, conditions and provisions of the agreement; they agree each may live where they desire and engage in any business, trade or employment desired without interference by the other; no debts or charges were to be contracted by her against him; he agreed to pay her $300 and she agreed to accept this amount in full payment for her support and maintenance. In consideration of this payment and the covenants in the agreement, she also released all dower rights in any real estate he might thereafter acquire. There was also included a clause reading as follows: "Second party [Mrs. Richardson] also covenants and agrees for the consideration above stated, to make no claim whatever upon the death of her said husband to any distributive share or portion of his personal estate or property nor for any statutory exemptions; all claims and demands for the same being hereby waived, and extinguished. In case of death of second party, first party will not ask or demand any distributive share in her personal estate or any share or interest or title by curtesy or otherwise in her real estate, hereby waiving all share, claim or interest in her estate upon her death." A receipt dated July 24, 1916, for the sum of $300 reciting it is received in full settlement and payment under the provisions of the contract, signed "Jennie B. Richardson", is attached to the agreement.

Subdivision 9 of section 18 of the Decedent Estate Law among other things permits a waiver or release by a husband or wife of the right of election created by section 18, and, as amended in 1947 (L. 1947, ch. 379), provides that any such waiver or release shall be effective in accordance with its terms whether (a) executed before or after the marriage of the spouses affected; (b) executed before, on, or after September 1, 1930; (c) unilateral in form, executed only by the maker thereof, or bilateral in form, executed by both of the spouses affected; (d) executed with or without consideration, and (e) absolute or conditional.

The evidence of Mrs. Colvin, a daughter of Mrs. Richardson, would indicate the relationship between her mother and decedent during the three years they were living together was far from harmonious. There were frequent quarrels and Richardson drank to excess. He was then employed as a plumber and from the fact that he did drink to excess and having in mind the wages then paid in a small locality like Marathon, it is a fair assumption that he had not at that time accumulated any great amount of

property. Mrs. Richardson is an educated lady, a teacher by profession, and according to her testimony desired some settlement with her husband during the summer following their separation. To bring this about, she retained the services of Clayton R. Lusk, then and now one of the outstanding attorneys in Cortland County and central New York. The husband in turn retained the services of Charles V. Coon, since deceased, but at that time a lawyer of considerable reputation and ability in this county. It would seem that having in mind these facts, the agreement in writing finally arrived at and executed by the parties in the presence of their respective attorneys fairly represented the thoughts of the parties and was then deemed by them to be a just and equitable settlement of their affairs. Living in a small community as the parties then did, where the channels of information as to a man's property and income are usually complete and a matter of common knowledge, no great difficulty would be experienced by Mrs. Richardson or her attorney as to her husband's income and savings, if any.

In any event, following the signing and execution of this agreement, and in the fall of 1916, Mrs. Richardson accepted a teaching position and with her children moved from Marathon. That was some thirty-two years ago and during that period of time, she made no effort to rescind her contract with her husband; she made no effort to secure further support or financial settlement from him and apparently had no communications with him, direct or indirect. She did not learn of his death for months afterwards. She taught school in various places for years after leaving Marathon and visited the place infrequently. She apparently had little if any interest in her husband's welfare or financial situation and considered her status with him as completely settled.

The legal importance of subdivision 9 of section 18 of the Decedent Estate Law has been interpreted by the courts on several occasions, and this prior to its amendment in 1947. The amendment of 1947, as appears from the notes of the Law Revision Commission (N. Y. Legis. Doc., 1947, No. 65[A]), was recommended apparently for the sole purpose of further clarifying this subdivision 9. The language used in the agreement here involved is easily read and understood. Its meaning and intent seems clear. The particular part under consideration, being the last two sentences of the sixth paragraph admits of but one interpretation and that is the parties intended to release and waive any and all claim either might thereafter have in the estate of the other. The agreement was

free from fraud and overreaching in my opinion and is valid by common-law standards. It is squarely within the intention of subdivision 9 of section 18 of the Decedent Estate Law and I believe it should be given legal recognition in this proceeding. (*Matter of Moore*, 165 Misc. 683, 687, affd. 254 App. Div. 856, affd. 280 N. Y. 733; *Matter of Phillips*, 293 N. Y. 483.)

The right to elect under section 18 of the Decedent Estate Law by the claimant, Jennie B. Richardson, is denied. Order may be entered, without costs against her.