■ B. JEANNE HOFFMAN, Appellant, v HOWARD D. HOFFMAN, JR., Respondent. — Appeal from an order of the Supreme Court at Trial Term (Viscardi, J.), entered December 22, 1982 in Saratoga County, which denied plaintiff's motion for partial summary judgment and declared that the parties' antenuptial contract was valid. ¶ In her complaint for a divorce on the grounds of cruel and inhuman treatment, plaintiff specifically requested equitable distribution of the marital property. In his answer, defendant counterclaimed for divorce on the same ground and interposed as an affirmative defense an antenuptial agreement, whose validity is the chief issue on this appeal. ¶ By the terms of the agreement, both parties waived their property claims against one another arising out of their contemplated marriage. If valid, the agreement would preclude plaintiff's claim under the Equitable Distribution Law (L 1980, ch 281, § 9). Plaintiff's motion for partial summary judgment attacked the antenuptial agreement and claimed that she was induced to sign it through defendant's fraud, duress and overreaching. Her motion further sought to compel financial disclosure. Defendant cross-moved to be relieved of such disclosure, contending that the agreement was a bar to plaintiff's requested relief. ¶ Special Term denied plaintiff's motion for partial summary judgment and ordered a plenary trial on the validity of the antenuptial agreement. By decision dated December 10, 1982, Trial Term upheld the agreement, finding that it was not unfair but rather, was "evenhanded in that it treats the parties equally". This determination was based on the trial testimony which revealed that the parties' marriage was the third for plaintiff, she having been divorced twice previously, and the second for defendant. The parties met at the Turf Inn in the Town of Colonie, Albany County, in June, 1975, when plaintiff was employed there. Defendant had an ownership interest in that establishment. The parties were engaged in November, 1978, when plaintiff was 38 years old and defendant was 54, and they were married on June 15, 1979. During their engagement, it was plaintiff who raised the subject of the antenuptial agreement to assure defendant's family that she was not interested in his money. The parties lived together in plaintiff's house during the engagement period, and defendant told plaintiff to see his attorney about the agreement. She never did, but the attorney prepared an agreement and mailed it to defendant. Plaintiff testified that when she first read the agreement on the morning of June 14, 1979, she became upset about the tax clause contained therein. Defendant offered to postpone the wedding for a week and permit her to consult with an attorney. Plaintiff did not do so since she claimed defendant

said it was a "standard agreement" and that he would permit no changes. Under these circumstances, the agreement was executed in the afternoon on June 14, 1979. ¶ Plaintiff owned a house, a summer home and had $8,000 in the bank. She bases her case on the failure of defendant to disclose the full extent of his financial assets and her inability to understand the terms of the agreement. ¶ In regard to her first claim, a failure to disclose does not, standing alone, constitute fraud or overreaching sufficient to vitiate an antenuptial agreement (*Matter of Davis,* 20 NY2d 70), especially where, as here, a full disclosure was not required as part of such agreement. Plaintiff knew that defendant had considerably more financial assets than she, and hers were adequate. Even though she may not have known the full extent of such assets, it was plaintiff who suggested the agreement. Plaintiff is a real estate broker with almost two years of college credits and two prior divorces. These factors negate her second claim of lack of understanding of the effect and the provisions of the agreement (see *Matter of Knafou,* NYLJ, April 21, 1978, p 7, cols 1-3; p 11, col 4). ¶ The record fails to demonstrate any fraud or overreaching sufficient to invalidate the agreement and the trial court was correct in so deciding. ¶ Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.