■ Alan L. Eckstein, Appellant, v Cecelia T. Eckstein, Respondent.—In an action for divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Westchester County (Marbach, J.), entered January 15, 1986, which denied his motion for summary judgment with respect to the issue of the validity of an antenuptial agreement and to strike the defendant's second affirmative defense and counterclaim, and third affirmative defense and counterclaim, or, in the alternative, for a stay of discovery and other proceedings, pending an immediate hearing to determine the validity of that agreement, and for a protective order with respect to the defendant's discovery demands.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted, it is declared that the antenuptial agreement is valid, the second affirmative defense and counterclaim and third affirmative defense and counterclaim are stricken, and the defendant's discovery demands are vacated, without prejudice to the defendant making such new discovery demands as may be appropriate.

The plaintiff and the defendant were married on August 15, 1982, and ceased living together in November 1983. No children were born of their union, although both parties have children from prior marriages. Each of the parties seeks a divorce on the ground of cruel and inhuman treatment.

Prior to their marriage, the parties entered into an agreement as contemplated by Domestic Relations Law § 236 (B) (3), which, if valid, is determinative of all financial issues between the parties. At issue are the validity of the antenuptial agreement and the demands of the defendant for the plaintiff's financial records, with which the defendant hopes to prove her contentions that the agreement was unfair and that she was induced to enter into it by fraud, notwithstanding that she was represented by a counsel different from the plaintiff's counsel.

A duly executed antenuptial agreement is given the same presumption of legality as any other contract, commercial or otherwise, and is not, regardless of the fairness and reasonableness of the agreement, burdened by a presumption of fraud arising from the subsequent confidential relationship of the parties (see, Domestic Relations Law § 236 [B] [3]; General Obligations Law § 3-303; *Matter of Phillips,* 293 NY 483, 490-491, *rearg denied* 294 NY 662; *Matter of Miller,* 97 AD2d 581, 582; *Matter of Sunshine,* 51 AD2d 326, 327, *affd* 40 NY2d 875). Conclusory allegations of fraud are insufficient to raise a question of fact as to the validity of such an agreement, precluding summary judgment (cf., *Davidoff v Davidoff,* 93 AD2d 805; *Ronson v Ronson,* 58 AD2d 987, 988). The defendant urges that she was induced to enter into the agreement by fraud in that the plaintiff failed to make a full and fair disclosure of his assets. The agreement, however, contains no representation by the plaintiff that he had made a disclosure of his assets, but only reciprocal acknowledgments by each of the parties that the other had answered all questions that had been asked concerning his or her finances. In addition, the agreement provided that there were no representations made by the parties other than those expressly set forth therein. Since there was no confidential relationship between the parties at the time they entered into the agreement (see, *County of Westchester v Becket Assocs.,* 102 AD2d 34, 50-51, *appeal dismissed* 64 NY2d 734, *affd* 66 NY2d 642; *Moser v Spizzirro,* 31 AD2d 537, *affd* 25 NY2d 941), and full disclosure was not required as part of the agreement (see, *Matter of Davis,* 20 NY2d 70, 74; *Hoffman v Hoffman,* 100 AD2d 704, 705), a failure to disclose would not constitute fraud (see, *Matter of Davis, supra,* at p 74; *Hoffman v Hoffman, supra,* at 705), nor would it be sufficient to void this agreement, which is fair on its face, on the ground of overreaching (cf., *Riemer v Riemer,* 31 AD2d 482, 485, *affd* 31 NY2d 881). Accordingly, the plaintiff's motion for summary judgment is granted to the

extent of declaring the antenuptial agreement to be valid, striking the defendant's second affirmative defense and counterclaim and third affirmative defense and counterclaim and vacating the defendant's demands for discovery, without prejudice to the defendant making such new discovery demands as may be appropriate. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.