■ MAUREEN BRASSEY, Respondent, v JOHN BRASSEY, Appellant.—Order of the Supreme Court, New York County (Myriam J. Altman, J.), entered on or about November 16, 1988, which denied defendant's motion for partial summary judgment on his first counterclaim and dismissal of the fourth and fifth causes of action in plaintiff's complaint, is unanimously reversed on the law and the motion for partial summary judgment on the first counterclaim and dismissal of the fourth and fifth causes of action is granted, without costs or disbursements.

Order of the Supreme Court, New York County (Myriam J. Altman, J.), entered on December 23, 1988, which denied defendant's motion for a protective order with respect to plaintiff's notice for discovery and inspection, is unanimously affirmed, without costs or disbursements.

In September of 1975, plaintiff and defendant, then aged 41 and 51, respectively, were two recently divorced residents of Johannesburg, South Africa, when, approximately one week prior to their marriage, they entered into an antenuptial agreement. Although defendant contends that antenuptial agreements are a common occurrence in South Africa due largely to the existence there of a legal system which is extremely unfavorable to the wife, plaintiff claims to have been unaware of this aspect of South African law. At the time

in question, plaintiff was employed selling motorbikes and worked once a week as a real estate salesperson. She asserts that she had no experience in, or knowledge of, antenuptial agreements and that the contract between the parties was prepared by defendant's attorney. She was not represented by her own counsel nor given the opportunity to obtain an independent lawyer's view of the proposed agreement, which was allegedly totally one-sided in favor of defendant. While the agreement afforded the same protection to both signatories, it was, she states, an illusory equality since plaintiff, unlike defendant, possessed no significant assets in 1975. Defendant, however, disputes plaintiff's purported ignorance of South Africa's law relating to marital property. He also claims that she had full knowledge of his financial condition at the time of the making of the antenuptial agreement and attended two conferences with the attorney who drew up the document. There is even disagreement between the parties as to extent of defendant's assets in 1975; defendant contends that his principal asset was a house purchased four years earlier for some $17,500, while plaintiff urges that his property included ownership of a corporation as well as substantial stock in two or three other corporations.

The antenuptial agreement provides, in essence, that each of the parties shall retain exclusive ownership and control over their respective property and any profits derived therefrom and that neither party shall lay claim to any of the other's assets possessed prior to the marriage or procured during the marriage. Following commencement of the instant divorce action, defendant moved for partial summary judgment on his first counterclaim and dismissal of the fourth and fifth causes of action in plaintiff's complaint, or, alternatively, he sought an immediate hearing to determine the validity of the agreement. Defendant also moved for a protective order with respect to plaintiff's notice for discovery and inspection of his finances. The Supreme Court denied both motions, and defendant has appealed. In that regard, the court appropriately authorized defendant's financial disclosure on the ground that the prenuptial agreement is silent on the issue of maintenance. The court, however, should have granted his motion for partial summary judgment as to the validity of the antenuptial agreement.

The law is established that "[a] duly executed antenuptial agreement is given the same presumption of legality as any other contract, commercial or otherwise, and is not, regardless of the fairness and reasonableness of the agreement, burdened

by a presumption of fraud arising from the subsequent confidential relationship of the parties" *(Eckstein v Eckstein,* 129 AD2d 552, 553; *see also, Matter of Sunshine,* 51 AD2d 326, *affd* 40 NY2d 875; *Matter of Zach,* 144 AD2d 19). As this court has recently declared, there is a heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties and that, therefore, a high order of evidence is necessary in order to overcome that presumption *(Matter of Zach, supra,* at 21). Moreover, a party endeavoring to invalidate an antenuptial agreement "has the burden of coming forward with evidence showing fraud, '[b]ut, in the absence of proof of facts from which concealment or imposition may reasonably be inferred, fraud will not be presumed' " *(Matter of Zach, supra,* at 21).

An examination of the record herein does not demonstrate sufficient evidence of fraud or of any other action on defendant's part to overcome the presumption of legality of the antenuptial agreement. Clearly, conclusory allegations of fraud or concealment are inadequate to raise a question of fact concerning the validity of such an agreement as would preclude summary judgment. The agreement is plain on its face and gives no indication of unconscionability or makes any representations concerning the parties' finances, nor does plaintiff allege that it contains any terms which were incomprehensible to her. Plaintiff initialed each page of the document when she executed and signed it. She acknowledges that she is fairly well educated. Further, while the failure of a party to be represented by counsel is a factor to consider in determining the validity of an agreement, "that fact, without more, does not establish overreaching or require an automatic nullification of the agreement" *(Juliani v Juliani,* 143 AD2d 72, 74). In opposing summary judgment, once defendant had made the requisite showing, it was incumbent upon plaintiff to lay bare her proof and set forth sufficient evidence of a nonconclusory nature to create a triable issue of fact *(Zuckerman v City of New York,* 49 NY2d 557, 562). Since she has not done this, defendant is entitled to partial summary judgment with respect to the validity of the antenuptial agreement. Concur—Sullivan, J. P., Carro, Asch, Milonas and Wallach, JJ.