■ VEHANOUSH T. PANOSSIAN, Appellant, v MGERDITCH B.

PANOSSIAN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Richmond County (Rader, J.H.O.), entered August 3, 1989, as, after a nonjury trial, dismissed her second and third causes of action for a judgment declaring null and void the antenuptial agreement entered into between the parties on August 22, 1979, and declared that the agreement is valid and enforceable.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on August 24, 1979, and have two children, now aged nine and ten. On or about November 2, 1982, the plaintiff wife instituted divorce proceedings on the ground of cruel and inhuman treatment. Additionally, the plaintiff asserted a second and third cause of action seeking to declare void an antenuptial agreement entered into by the parties on August 22, 1979, in which both parties had waived their property claims against one another and any right to "alimony" or support in the event of separation or divorce, on the grounds that the agreement (1) was procured by fraud, duress, undue influence and overreaching, and is unconscionable and (2) is in violation of General Obligations Law § 5-311. After a nonjury trial, the court dismissed the second and third causes of action and declared the agreement to be valid and enforceable. We affirm.

A duly executed antenuptial agreement is given the same presumption of legality as any other contract, and is not burdened by a presumption of fraud simply because the parties subsequently enter into a confidential relationship *(see, Eckstein v Eckstein,* 129 AD2d 552, 553; *see also, Matter of Phillips,* 293 NY 483, 490-491; *Matter of Sunshine,* 51 AD2d 326, 327, *affd* 40 NY2d 875). The party seeking to invalidate an antenuptial agreement bears the burden of producing evidence showing fraud, "[b]ut, in the absence of proof of facts from which concealment or imposition may reasonably be inferred, fraud will not be presumed" *(Matter of Phillips, supra,* at 491). "Such a presumption must have as its basis evidence of overreaching—the concealment of facts, misrepresentation or some form of deception" *(Matter of Phillips, supra,* at 491).

Upon our review of the record, we find there is no credible evidence to support the plaintiff's contention that the agreement was procured by the defendant's fraud or overreaching. The plaintiff alleges that she did not know the full extent and

value of the defendant's assets, and as a result was unable to understand the full ramifications of her waiver. However, a failure to disclose does not, standing alone, constitute fraud or overreaching sufficient to vitiate an antenuptial agreement *(see, Matter of Davis,* 20 NY2d 70; *Eckstein v Eckstein, supra,* at 553; *Hoffman v Hoffman,* 100 AD2d 704, 705). In any event, the record reveals that the plaintiff was aware of the various properties owned by the defendant, and there is no indication that the defendant had at any time attempted to conceal or misrepresent the nature or extent of his assets.

Furthermore, the absence of independent counsel during the transaction does not, under the circumstances presented here, warrant setting aside the agreement *(see, Beutel v Beutel,* 55 NY2d 957; *Chalos v Chalos,* 128 AD2d 498). It is uncontroverted that the attorney who prepared the subject agreement provided the parties with a copy of the document, and read each of the provisions aloud prior to its execution. Moreover, while the plaintiff was born and raised in Beirut, Lebanon, she was educated at the American University of Beirut where she received a degree in English literature and philosophy, and had begun her studies of English in the third grade. It is thus clear that she was fluent in the English language. We additionally note that the plaintiff stated that she had willingly signed the agreement in consideration of the defendant's wishes, and acknowledged that she was aware that the portent of the agreement was that neither party would request anything from the other in case of divorce. Accordingly, her claim that she did not understand the terms and provisions of the agreement is unsupported by the record. The record is devoid of any evidence of coercion or undue influence exercised on the part of the defendant or his attorney.

The plaintiff's remaining argument, that the antenuptial agreement violates General Obligations Law § 5-311 is similarly without merit. In this regard, the record reveals that the plaintiff was possessed of an excellent educational background, and was able to obtain gainful employment in her professional field shortly after her arrival from Lebanon. Therefore, she is not in danger of becoming a public charge. Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.