■ ELIZABETH FORSBERG, Appellant, v PAUL FORSBERG, Respondent. [631 NYS2d 709] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered March 24, 1994, as (1) denied her cross motion for summary judgment with respect to the issue of the validity of the antenuptial agreement and to strike the husband's second affirmative defense, or for a hearing to determine the validity of that agreement; (2) upon searching the record, granted the husband partial summary judgment on the issue of the validity of the antenuptial agreement; and (3)

directed the husband to pay her only $200 per week in pendente lite maintenance.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married on April 23, 1978, and ceased living together in March 1993. No children were born of their union, although both parties have children from prior marriages. On or about July 16, 1993, the wife instituted divorce proceedings on the ground of cruel and inhuman treatment. The husband asserted as a second affirmative defense an antenuptial agreement entered into by both parties on April 18, 1978. After both parties moved for pendente lite relief, the wife cross-moved for partial summary judgment declaring the antenuptial agreement invalid and striking the second affirmative defense, or for a hearing on the issue of the validity of the agreement. The Supreme Court granted various pendente lite relief and, upon searching the record, granted the husband partial summary judgment on the issue of the validity of the antenuptial agreement.

A duly-executed antenuptial agreement is given the same presumption of legality as any other contract, and is not burdened by a presumption of fraud simply because the parties subsequently enter into a confidential relationship *(Panossian v Panossian,* 172 AD2d 811, 812; *Brassey v Brassey,* 154 AD2d 293, 294-295; *Eckstein v Eckstein,* 129 AD2d 552, 553; *see also, Matter of Sunshine,* 51 AD2d 326, 327, *affd* 40 NY2d 875). The party seeking to invalidate an antenuptial agreement bears the burden of producing evidence showing fraud, " '[b]ut, in the absence of facts from which concealment or imposition may reasonably be inferred, fraud will not be presumed' " *(Panossian v Panossian, supra,* at 812, quoting *Matter of Phillips, supra,* at 491). Conclusory allegations of fraud are insufficient to raise a question of fact as to the validity of such agreement as would preclude summary judgment *(see, Brassey v Brassey, supra,* at 295; *Eckstein v Eckstein, supra).*

Here, contrary to the wife's contention, absence of legal representation, without more, does not establish overreaching or require an automatic nullification of the agreement *(see, Panossian v Panossian, supra,* at 813; *Brassey v Brassey, supra).* The wife does not allege that she did not comprehend the agreement or that the husband concealed or misrepresented his assets. In addition, the record is devoid of any evidence of coercion or undue influence exercised on the part of the husband or his attorney. Thus, we agree with the Supreme Court that the wife has failed to create a triable issue of fact and that the

husband is entitled to partial summary judgment with respect to the validity of the antenuptial agreement.

The Supreme Court did not improvidently exercise its discretion in awarding the wife $200 per week in temporary maintenance. Generally, the remedy for any seeming inequity in the award of temporary maintenance is a speedy trial at which the rights of the parties may be fully determined (see, Fredenburgh v Fredenburgh, 187 AD2d 482, 483). Accordingly, the parties should proceed to trial to resolve all issues. In any event, the Supreme Court made a reasonable accommodation between the needs of the wife and the husband's financial ability to pay for those needs (see, Byer v Byer, 199 AD2d 298; Kessler v Kessler, 195 AD2d 501; Beil v Beil, 192 AD2d 498). O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.