■ In the Matter of the Estate of J. ROBERT GARBADE, Deceased. J. RICHARD GARBADE et al., as Coadministrators of the Estate of J. ROBERT GARBADE, Deceased, Respondents; KATHY G. GARBADE, Appellant. [633 NYS2d 878] —Mercure, J. Appeals (1) from an order of the Surrogate's Court of Broome County (Mathews, S.), entered December 23, 1994, which, *inter alia,* granted petitioners' motion for summary judgment, and (2) from the judgment entered thereon.

Respondent and J. Robert Garbade (hereinafter decedent) were married on February 2, 1990. Each had been previously married and divorced. Decedent was a wealthy executive who owned his own construction company and had interests in other enterprises; respondent was unemployed and brought no assets to the marriage. Prior to the wedding, respondent and decedent executed a prenuptial agreement, under the terms of which each waived any right to, *inter alia,* maintenance, equitable distribution or community property rights with regard to assets titled in the name of the other or, of primary relevance here, an elective share of the other's estate. However, the agreement required decedent to maintain a $100,000 policy of insurance on his life for respondent's benefit.

In July 1992, decedent died unexpectedly at the age of 52, survived by respondent and petitioners, his two sons. Petitioners thereafter qualified as personal representatives of decedent's estate. Notwithstanding her waiver and the fact that she received assets totaling approximately $340,000 by virtue of decedent's death, respondent filed notice of her election to take her share of decedent's estate pursuant to EPTL 5-1.1. Petitioners thereafter moved for summary judgment setting

aside respondent's right of election as barred by the waiver contained in the parties' prenuptial agreement. In defense of the motion, respondent alleged that the waiver of her statutory right to elect against decedent's estate was procured by fraud, misrepresentation, duress, imposition or undue influence. Surrogate's Court granted petitioners' motion and authorized the entry of judgment setting aside respondent's notice of election. Respondent now appeals.

We affirm. Fundamentally, "a duly executed antenuptial agreement is given the same presumption of legality as any other contract, commercial or otherwise. It is presumed to be valid in the absence of fraud" (*Matter of Sunshine*, 51 AD2d 326, 327, *affd* 40 NY2d 875; *see, Panossian v Panossian*, 172 AD2d 811, 812; *Brassey v Brassey*, 154 AD2d 293, 294-295; *Matter of Zach*, 144 AD2d 19, 21). Moreover, the party attacking the validity of the agreement has the burden of coming forward with evidence of fraud, which, in the absence of facts from which concealment may reasonably be inferred, will not be presumed (*see, Matter of Phillips*, 293 NY 483, 490-491; *Matter of Sunshine, supra*, at 327-328; *see also, Matter of Zach, supra*). In light of that standard, even crediting every factual allegation advanced by respondent and drawing the most favorable inferences therefrom, we agree with Surrogate's Court that respondent has raised no legitimate triable issue as to whether the prenuptial agreement and, more to the point, respondent's waiver of her right to elect against decedent's estate was the product of fraud, misrepresentation, duress, imposition or undue influence.

Respondent presented evidence establishing at most that (1) it was decedent, and not she, who first raised the issue of a prenuptial agreement and requested that one be executed prior to the wedding, (2) the agreement was prepared by decedent's attorneys, at his request and in accordance with his direction, (3) the prenuptial agreement was executed only a few hours prior to the parties' wedding, (4) respondent did not seek or obtain independent legal counsel and the agreement was not read by her or to her before she signed it, (5) respondent was not specifically advised that the agreement provided for a waiver of her right to elect against decedent's will, and (6) respondent was not furnished with a copy of the agreement.

At the same time, it is uncontroverted that (1) respondent readily acceded to decedent's request that they enter into a prenuptial agreement and willingly signed the instrument because she did not want any of decedent's money or property, she only wanted to be his wife, (2) respondent was advised to

obtain the services of independent counsel, (3) respondent was given an adequate opportunity to read the instrument before she signed it, and (4) prior to executing the prenuptial agreement, respondent was provided with detailed disclosure of decedent's $2.5 million net worth.

In our view, respondent has established nothing more than her own dereliction in failing to acquaint herself with the provisions of the agreement and to obtain the benefit of independent legal counsel. Although this dereliction may have caused her to be ignorant of the precise terms of the agreement, the fact remains that, absent fraud or other misconduct, parties are bound by their signatures (*Pommer v Trustco Bank*, 183 AD2d 976, 978, *lv dismissed, lv denied* 81 NY2d 758). Further, the absence of independent counsel will not of itself warrant setting aside the agreement (*see, Panossian v Panossian, supra*, at 813). There being no competent evidence of fraud, respondent has merely resorted to reliance upon a number of innocuous circumstances (such as the fact that the wedding date was changed from February 14 to February 2, 1990 to accommodate a Florida trip, that decedent's attorney did not finish drafting the agreement until shortly prior to the wedding and, incredibly, that the parties went out to lunch before going to sign the agreement) to fuel speculation that fraud was practiced upon her (*see, Matter of Zach*, 144 AD2d 19, 21, *supra*).

Respondent's remaining contentions have been considered and found lacking in merit.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.