■ In the Matter of the Estate of HERMAN GREIFF, Deceased. HELEN GREIFF, Respondent; WALLACE J. GREIFF et al., Appellants. [663 NYS2d 45] —In a proceeding pursuant to EPTL 5-1.1, *inter alia*, to determine the validity and effect of the petitioner's exercise of her right of election, the appeal is from an order of the Surrogate's Court, Kings County (Bloom, S.), dated August 14, 1996, which granted the petition.

Ordered that the order is reversed, on the law, with costs payable by the petitioner, the petition is denied, and the proceeding is dismissed.

A duly executed antenuptial agreement is given the same presumption of legality as any other contract, and is not burdened by a presumption of fraud simply because the parties subsequently enter into a confidential relationship (*see, Panossian v Panossian,* 172 AD2d 811; *Eckstein v Eckstein,* 129 AD2d 552; *see also, Matter of Phillips,* 293 NY 483; *Matter of Sunshine,* 51 AD2d 326, *affd* 40 NY2d 875). The party seeking to invalidate an antenuptial agreement bears the burden of producing evidence showing fraud, "[b]ut, in the absence of proof of facts from which concealment or imposition may reasonably be inferred, fraud will not be presumed * * * Such a presumption must have as its basis evidence of overreaching—the concealment of facts, misrepresentation or some form of deception" (*Matter of Phillips, supra,* at 491).

Contrary to the Surrogate's Court's determination, the petitioner failed to establish that her execution of an antenuptial agreement whereby she waived her right to an elective share was procured through the decedent's "fraud or overreaching" (*Panossian v Panossian, supra,* at 812). The record does not support the petitioner's claim that she was not advised of the effect of the subject antenuptial agreement, failed to comprehend it, or entered into it unwillingly (*see, Matter of Davis,* 20 NY2d 70; *Panossian v Panossian, supra; Eckstein v Eckstein, supra; Matter of Sunshine, supra; see also, Forsberg v Forsberg,* 219 AD2d 615). Accordingly, the petitioner is not entitled to an elective share against the decedent's estate (*see,* EPTL 5-1.1 [f] [1]) and the petition should have been denied.

In light of the above determination, the remaining contentions need not be addressed. Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.