■ In the Matter of the Estate of HERMAN GREIFF, Deceased. HELEN GREIFF, Respondent; WALLACE J. GREIFF et al., Appellants. [691 NYS2d 541] —In a proceeding pursuant to EPTL 5-1.1, *inter alia*, to determine the validity and effect of the petitioner's exercise of her right of election, the appeal is from an order of the Surrogate's Court, Kings County (Bloom, S.), dated August 14, 1996, which granted the petition. By decision and order of this Court dated September 29, 1997, the order was reversed and the proceeding was dismissed (*see, Matter of Greiff,* 242 AD2d 723, *revd* 92 NY2d 341). On October 27, 1998, the Court of Appeals reversed the order of this Court and remitted the matter to this Court to determine "whether, based on all of the relevant evidence and standards, the nature of the relationship between the couple at the time they executed their prenuptial agreements rose to the level to shift the burden to the proponents of the agreements to prove freedom from fraud, deception or undue influence" (*Matter of Greiff,* 92 NY2d 341, 347).

Ordered that the order of the Surrogate's Court, dated August 14, 1996, is reversed, on the law, with costs payable by the petitioner, the petition is denied, and the proceeding is dismissed.

The petitioner did not "demonstrate by a preponderance of the evidence, that the premarital relationship between her and the [decedent] manifested 'probable' undue and unfair advantage" (*Matter of Greiff,* 92 NY2d 341, 343, quoting *Matter of Gordon v Bialystoker Ctr. & Bikur Cholim,* 45 NY2d 692, 699-700). Under these circumstances, it was the petitioner's burden to establish that her execution of a prenuptial agreement whereby she waived her right to an elective share was procured through the decedent's fraud or overreaching (*see, Panossian v Panossian,* 172 AD2d 811). The record does not support the petitioner's claim that she was not advised of the effect of the prenuptial agreement, failed to comprehend it, or entered into it unwillingly (*see, Matter of Davis,* 20 NY2d 70; *Panossian v Panossian, supra; Eckstein v Eckstein,* 251 AD2d 537; *Matter of Sunshine,* 51 AD2d 326, *affd* 40 NY2d 875; *see also, Forsberg v Forsberg,* 219 AD2d 615). Accordingly, the petitioner is not entitled to an elective share against the decedent's estate (*see,* EPTL 5-1.1 [f] [1]) and the petition should have been denied.

The appellants' remaining contention is without merit. Mangano, P. J., O'Brien, Altman and Goldstein, JJ., concur.