■ THOMAS GARGUILIO, Respondent, v JUNE GARGUILIO, Appellant.—In a matrimonial action, the defendant wife appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated January 7, 1985, which denied her motion for summary judgment dismissing the complaint.

Order reversed, on the law, with costs, motion granted, and complaint dismissed.

In order to establish a cause of action for divorce on the basis of living separate and apart pursuant to a separation agreement for one or more years, the agreement must be "subscribed by the parties thereto and acknowledged or proved in the form required to entitle a deed to be recorded" (Domestic Relations Law § 170 [6]; *Cicerale v Cicerale,* 54 AD2d 921). The complaint here alleges that the separation agreement upon which this action is predicated was so acknowledged. Nevertheless, in opposing the defendant's motion for summary judgment dismissing the complaint, the plaintiff husband neither set forth a copy of the agreement bearing an acknowledgement nor did he assert in his affidavit the existence of the acknowledgement. He has therefore failed to carry his burden of coming forward with some admissible evidence establishing this essential element of his cause of action *(see, Ferber v Sterndent Corp.,* 51 NY2d 782).

The plaintiff is mistaken in his argument that the defendant's affidavit submitted in support of her motion for sum-

mary judgment, in which she admits having signed the separation agreement, is a sufficient substitute for the acknowledgement. There are two aspects to an acknowledgement: the oral declaration of the signer of the document and the written certificate, prepared by one of a number of public officials, generally a notary public *(see,* Real Property Law §§ 298-301), attesting to the oral declaration *(Rogers v Pell,* 154 NY 518; *Matter of Frutiger,* 62 Misc 2d 163, *revd on other grounds* 35 AD2d 755, *revd* 29 NY2d 143; *Spraker v Spraker,* 152 Misc 867). The certificate, stating "all the matters required to be done, known, or proved on the taking of such acknowledgement", must be indorsed on, or attached to, the document (Real Property Law § 306). The defendant's affidavit in support of her motion cannot satisfy this requirement. The jurat at the end of the affidavit does not contain the information required in the certificate of the acknowledgement: that the person taking the acknowledgement "knows or has satisfactory evidence, that the person making [the oral declaration] is the person described in and who executed [the] instrument" (Real Property Law § 303). Furthermore, the idea of attaching the summary judgment affidavit to the agreement as an acknowledgement approaches the ludicrous. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.