■ In the Matter of the Estate of DAVID T. HENKEN, Deceased. JONATHAN HENKEN et al., Appellants; PATRICIA V. HENKEN et al., Respondents.—In a proceeding to determine the validity and effect of an election against the will of David T. Henken, deceased, made by the respondent Patricia V. Henken, the petitioners appeal from a decree of the Surrogate's Court, Westchester County (Braatz, S.), dated February 25, 1988, as amended March 9, 1988, which, after a nonjury trial, denied their petition to annul the election *(Matter of Henken,* 139 Misc 2d 12).

Ordered that the decree is affirmed, with costs payable by the petitioners personally to the respondent Patricia V. Henken.

The will of David T. Henken, deceased, was executed by him in 1953 while he was married to his first wife. The petitioners, the adult children of the decedent's first marriage, challenge the election of Patricia V. Henken, the decedent's wife at the time of his death, to take against the will. They claim that Mrs. Henken executed an antenuptial agreement which contained a waiver of her right to share in or make a claim against the decedent's estate.

Pursuant to EPTL 5-1.1 (f), a spouse, during the lifetime of the other, may waive or release a right of election provided that the waiver is "in writing and subscribed by the maker thereof, and acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property" (EPTL 5-1.1 [f] [2]). An acknowledgment encompasses two critical elements, namely, the oral declaration of the signer of the document, and the written certificate of acknowledgment, endorsed by one of a number of authorized public officers, attesting to the oral declaration *(see,* Real Property Law §§ 298-301; *Garguilio v Garguilio,* 122 AD2d

105; *Rogers v Pell,* 154 NY 518). Alternatively, proof of the valid execution of an instrument, sufficient to permit its recordation, may be elicited from some other person who was a witness to its execution and who, at the same time, subscribed his name to the instrument or conveyance as a witness *(see,* Real Property Law §§ 292, 304; *see also,* General Construction Law § 11).

The petitioners have failed to establish the existence of a valid waiver by the surviving spouse of her right of election. The copy of the antenuptial agreement introduced in evidence at the trial discloses that the surviving spouse did not acknowledge the instrument before an authorized public officer nor was a certificate of acknowledgment attached to the agreement. Although the petitioners called a subscribing witness to the stand in an effort to prove that the agreement had been validly executed, this witness was unable to recall when he signed the instrument or whether he was physically present when the agreement was signed by the surviving spouse. Accordingly, there was no proof of compliance with EPTL 5-1.1 (f) (2) and the applicable provisions of the Real Property Law *(cf., Matter of Maul,* 176 Misc 170, *affd* 262 App Div 941, *affd* 287 NY 694). Moreover, the requisite statutory formalities were not satisfied by the mere admission, on the part of the surviving spouse, that she signed the antenuptial agreement *(see, Matter of Howland,* 284 App Div 306; *Matter of Kucera,* 73 Misc 2d 456). Accordingly we concur with the Surrogate that the surviving spouse's purported waiver of her right to partake in her late husband's estate was invalid and that she may proceed with her election to take against the will.

In light of the foregoing disposition, the parties' remaining contentions need not be addressed. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.