■ JUNE NEWMAN, Respondent, v RICHARD NEWMAN, Appellant. [597 NYS2d 180] —Weiss, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered October 1, 1991 in Rockland County, which granted plaintiff's motion for resettlement.

On October 19, 1981 the parties executed a separation agreement providing, *inter alia,* that defendant convey his one-half interest in the marital premises to plaintiff "as Trustee for the benefit of the infant issue hereof, to hold until each child attains the age of thirty (30) at which time his proportionate interest in the premises shall be either: (i) deeded to him, or (ii) the balance of proceeds from any prior sale to be paid over to each child in full". The July 15, 1988 judgment of divorce provided that the separation agreement "shall survive and shall not be merged in this judgment". When plaintiff ascertained that the decree did not incorporate the separation agreement as provided in said agreement, she moved by order to show cause to resettle the judgment and to direct defendant to execute a deed transferring his interest in the marital residence to her individually and as trustee for the benefit of their two sons, or alternatively directing the Sheriff to execute such deed. Supreme Court granted an order of resettlement and in addition required that defendant execute the aforesaid deed. Defendant appeals from that order.

Defendant's entire contention is that the sons, both of whom are now over 21 years of age, have "revoked" their rights as beneficiaries under the trust created in the separation agreement and that inasmuch as he never intended to bestow the benefit of his interest in the property upon plaintiff, the relief sought by her should be deemed moot. His contention is based solely upon an affidavit by the two sons made in support of plaintiff's application, which he interprets to be a revocation of the trust pursuant to EPTL 7-1.9. We disagree and affirm the order.

Defendant misapprehends the provisions of EPTL 7-1.9. The

affidavit by the two sons in support of the motion is neither a renunciation nor the consent required by the statute for revocation of the trust, which, parenthetically, must be effected by defendant in the form required by the statute. Both a consent and a revocation must be in writing, acknowledged or proved in the manner required for the recording of a conveyance of real property (EPTL 7-1.9). An acknowledgement encompasses two critical elements, neither of which are present here, namely, the oral declaration of the signer of the document and the written certificate of acknowledgement endorsed by an authorized public officer attesting to the declaration *(see, Matter of Henken,* 150 AD2d 447, *lv denied* 74 NY2d 612; *Garguilio v Garguilio,* 122 AD2d 105; *see also,* Real Property Law §§ 298-301).

Nor do we find that defendant has shown that Supreme Court abused its discretion in ordering resettlement of the judgment to incorporate the separation agreement and direct enforcement of the terms thereof.

Mikoll, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.