■ Louis B. Detmer, Appellant, v Ruth A. Detmer, Respondent. [669 NYS2d 911] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated April 18, 1997, as denied his cross motion for summary judgment on the first cause of action for a conversion divorce pursuant to Domestic Relations Law § 170 (6), and granted that branch of the motion of the defendant wife which was for an award of pendente lite maintenance to the extent of granting pendente lite maintenance in the sum of $200 per week.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to Domestic Relations Law § 170 (6), for a separation agreement to ripen into a ground for a conversion divorce, the parties must have lived separate and apart pursuant to the terms of a written agreement, signed by the parties and filed in the office of the County Clerk, and acknowledged in the form required to entitle a deed to be recorded. Similarly, to constitute a valid so-called opting-out agreement pursuant to Domestic Relations Law § 236 (B) (3), the agreement must be written, signed, and acknowledged in the manner required to entitle a deed to be recorded.

It is uncontroverted that the alleged separation agreement executed by the parties was not properly acknowledged at the time that it was executed. Assuming without deciding that a defective acknowledgement can be cured after the fact (*see, Matisoff v Dobi,* 90 NY2d 127, 137), the appellant husband has failed to offer a proper acknowledgement. "There are two aspects to an acknowledgement: the oral declaration of the signer of the document and the written certificate, prepared by one of a number of public officials, generally a notary public" (*Garguilio v Garguilio,* 122 AD2d 105, 106; *see also, Rogers v Pell,* 154 NY 518, 529; *Newman v Newman,* 192 AD2d 924; *Matter of Henken,* 150 AD2d 447; *Rose v Rose,* 167 Misc 2d 562; *Spraker v Spraker,* 152 Misc 867). The purported acknowledgment proffered by the appellant lacks any reference to an oral acknowledgment having been elicited at the time the agreement was signed (*see, Garguilio v Garguilio, supra; Spraker v Spraker, supra*). Therefore, the agreement was never properly acknowledged and cannot serve as the basis for a conversion divorce (*Matisoff v Dobi, supra,* 90 NY2d, at 127;

*Garguilio v Garguilio, supra*). Nor do its alleged provisions preclude an award of temporary maintenance to the wife.

The parties' remaining contentions are without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.