■ EARL B. SMITH, Appellant, v DEBRA L. SMITH, Respondent. [694 NYS2d 194] —Cardona, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered August 25, 1997 in Saratoga County, which, *inter alia*, dismissed plaintiff's cause of action seeking enforcement of an antenuptial agreement in an action for divorce.

Plaintiff and defendant allegedly entered into an antenuptial agreement prior to their marriage on November 17, 1984. The agreement disclosed that the parties' signatures were acknowledged by Sandra E. Mac Cue, a notary public, on November 7, 1984 in Albany County. In January 1995, plaintiff commenced this action for divorce and sought enforcement of the agreement. Upon receipt of defendant's notice of appearance in the action, plaintiff moved to disqualify defendant's attorney claiming a conflict of interest arising from the attorney's representation of plaintiff's closely held corporation during the parties' marriage. Supreme Court denied that motion resulting in an appeal to this Court which was subsequently withdrawn. Defendant served an answer to the complaint alleging, *inter alia*, a counterclaim for divorce based upon constructive abandonment. Thereafter, the parties stipulated to a divorce based upon defendant's counterclaim and a trial was held on the enforceability of the antenuptial agreement. Supreme Court found the agreement invalid because it was not duly acknowledged in accordance with the requirements of Domestic Relations Law § 236 (B) (3). An order was entered with final judgment to abide resolution of certain matters relating to equitable distribution. Plaintiff appeals.

Initially, we note that plaintiff challenges Supreme Court's denial of his motion to disqualify defendant's attorney. The instant appeal, however, is from Supreme Court's August 1997 order ruling upon, *inter alia*, the enforceability of the antenuptial agreement and not the prior order denying disqualification. Significantly, plaintiff withdrew his appeal from that prior order. Consequently, the issue is not properly before us. Although plaintiff contends that we should consider it based upon the authority of *Matter of Aho* (39 NY2d 241), we disagree inasmuch as the appeal is from an intermediate order and not a final judgment (*see*, CPLR 5501 [a] [1]).

Turning to the validity of the agreement, Domestic Relations Law § 236 (B) (3) provides, in pertinent part, that "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agree-

ment is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." The requirement that the agreement be duly acknowledged has been strictly construed. The Court of Appeals has held that an unacknowledged agreement is unenforceable even though the parties admit to the authenticity of their signatures in open court (*see, Matisoff v Dobi*, 90 NY2d 127, 136-137). Notably, where a document on its face is properly subscribed and bears the acknowledgment of a notary public, it "give[s] rise to a presumption of due execution, which may be rebutted only upon a showing of clear and convincing evidence to the contrary" (*Spilky v Bernard H. La Lone, Jr., P. C.*, 227 AD2d 741, 743).

Therefore, resolution of this appeal turns upon whether clear and convincing evidence was adduced at trial establishing that defendant's signature was not properly acknowledged. Defendant testified that, based upon the recommendation of plaintiff's attorney, she consulted with an attorney in mid-November 1984 about the antenuptial agreement. She admitted that she later signed the document but not in the presence of Mac Cue. Rather, she stated that she signed it in plaintiff's presence at home in the Town of Schodack, Rennselear County. Her attorney testified that she received a letter from plaintiff's attorney dated November 6, 1984 with a copy of the antenuptial agreement enclosed. Defendant's attorney further stated that she consulted with defendant regarding the agreement on November 13, 1984 and advised defendant to think it over before doing anything. The attorney indicated that when she spoke with defendant a few days later she related that she had decided to sign the agreement. According to correspondence dated November 20, 1984, defendant's attorney had a telephone conversation with plaintiff's attorney on November 16, 1984 during which it was indicated that defendant had agreed to sign the agreement before a notary prior to the marriage ceremony on November 17, 1984.

Plaintiff's attorney confirmed that he forwarded a copy of the antenuptial agreement to the other attorney by letter dated November 6, 1984 for the purpose of consultation with defendant. He further stated that, in a subsequent letter, defendant's attorney referred to their telephone conversation of November 16, 1984 wherein she indicated that defendant had agreed to sign the agreement before the wedding. Although he stated that he recognized plaintiff's signature on the agreement, he admitted that he was not present at the signing and did not have any personal knowledge that the parties signed it on

November 7, 1984 in Albany County. Plaintiff testified that he signed the agreement on November 7, 1984 and gave it to defendant who signed it at home following her consultation with her attorney. According to plaintiff, defendant stopped by his office in the City of Troy, Rensselaer County, the following day at which time Mac Cue notarized her signature after defendant acknowledged that she had signed the agreement. Mac Cue could not recall either plaintiff or defendant appearing before her to have their signatures acknowledged, but did state that she would not have taken the parties' signatures in Albany County.

Inasmuch as the foregoing strongly suggests that defendant did not actually sign the agreement before Mac Cue as indicated in the written acknowledgment, there is clear and convincing evidence supporting Supreme Court's conclusion that the agreement was not acknowledged in accordance with the requirements of Domestic Relations Law § 236 (B) (3) and is, therefore, unenforceable. Contrary to plaintiff's claim, this is not a case involving a mere technical defect in the acknowledgment (compare, Matter of Hazell v Board of Elections, 224 AD2d 806, 807, lv denied 87 NY2d 808; Matter of Hargett v Green, 186 AD2d 803, lv denied 80 NY2d 761). Rather, the discrepancies involved go to the very issue of whether the agreement was, in fact, signed by defendant in the presence of a notary public and, given the strict construction of this requirement, it may not be overlooked. Therefore, we find no reason to disturb Supreme Court's order. We have considered plaintiff's claim concerning the applicability of the doctrine of equitable estoppel and find it to be without merit.

Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.