■ NEIL WEINSTEIN, Appellant, v TINA WEINSTEIN, Respondent. [830 NYS2d 179]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered September 16, 2005, as, after a hearing, denied that branch of his motion which was to dismiss the defendant wife's third affirmative defense alleging that the parties' prenuptial agreement was invalid.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the husband's motion which was to dismiss the wife's third affirmative defense is granted.

The husband moved to dismiss the wife's third affirmative defense, in which the wife asserted that the prenuptial agreement was unenforceable because the form of the acknowledgment attached to the agreement did not satisfy the statutory requirements, the agreement was not duly acknowledged, and she executed the agreement under duress. After a hearing, the Supreme Court found the parties' prenuptial agreement to be invalid and unenforceable because the certificate of acknowledg-

ment did not contain the precise language prescribed in Real Property Law § 309-a. Crediting the wife's testimony, the Supreme Court further concluded that the agreement was unenforceable due to "possible fraud and duress" in its execution. We reverse.

A prenuptial agreement is valid only if it is "in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded" (Domestic Relations Law § 236 [B] [3]; *see Matisoff v Dobi,* 90 NY2d 127, 132 [1997]). Here, the agreement was in writing and was subscribed by both parties, but the certificate of acknowledgment attached to the agreement was not in the form currently specified by Real Property Law § 309-a. Rather, the certificate of acknowledgment was in the form prescribed by the statute prior to its amendment in 1997 (*see* L 1997, ch 179).

Contrary to the wife's argument, there is no requirement that a certificate of acknowledgment contain the precise language set forth in the Real Property Law. Rather, an acknowledgment is sufficient if it is in substantial compliance with the statute (*see* Real Property Law § 309-a [1]; *Smith v Boyd,* 101 NY 472 [1886]; *Schum v Burchard,* 211 App Div 126 [1924], *affd* 240 NY 577 [1925]). "There are two aspects to an acknowledgment: the oral declaration of the signer of the document and the written certificate, prepared by one of a number of public officials, generally a notary public" (*Garguilio v Garguilio,* 122 AD2d 105, 106 [1986]; *see Rogers v Pell,* 154 NY 518, 528-529 [1898]; *Detmer v Detmer,* 248 AD2d 582 [1998]). Since both aspects were satisfied here, the acknowledgment substantially complied with the requirements of the Real Property Law. The minor discrepancy in the date on which the document was executed was not, in itself, a basis to set aside the agreement.

Further, although the Supreme Court found the testimony of the wife with respect to the issue of fraud to be credible, her testimony did not establish a basis upon which the agreement may be set aside. The burden of proof is on the party seeking to invalidate the agreement (*see Lombardi v Lombardi,* 235 AD2d 400 [1997]; *Forsberg v Forsberg,* 219 AD2d 615 [1995]). In the absence of evidence that the husband wilfully concealed assets, his offer to provide financial disclosure upon the wife's assent to the agreement did not constitute fraud (*see Matter of Davis,* 20 NY2d 70, 74 [1967]; *Panossian v Panossian,* 172 AD2d 811, 813 [1991]; *Eckstein v Eckstein,* 129 AD2d 552, 553 [1987]; *Hoffman v Hoffman,* 100 AD2d 704, 705 [1984]). Moreover, the agreement expressly disclaimed any reliance on representations other

than those set forth in the agreement. The husband's threat to cancel the wedding if the agreement was not signed did not establish duress (*see Colello v Colello,* 9 AD3d 855, 858 [2004]). Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.