Ryerson v Ryerson (2023 NY Slip Op 05560)

Ryerson v Ryerson

2023 NY Slip Op 05560

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

534281
[*1]Danielle N. Ryerson, Respondent,
v
Randy B. Ryerson II, Appellant.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Rose T. Place PLLC, Glens Falls (Rose T. Place of counsel), for appellant.
Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Richard B. Meyer, J.), entered July 1, 2021 in Warren County, which, among other things, denied defendant's motion to declare the parties' separation agreement invalid.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2005. On March 29, 2020, shortly after the beginning of the COVID-19 pandemic, the parties executed a separation agreement. At that time, Executive Order No. 202.7, issued on March 19, 2020, was in effect, temporarily authorizing the use of audio-visual technology for the remote execution of notarial acts required by state law (see Executive Order [A. Cuomo] No. 202.7 [9 NYCRR 8.202.7]). The parties met at the wife's house to execute the separation agreement and contacted a notary public via video conference. After executing the agreement, the parties conveyed to the notary that they had no access to a scanner or facsimile machine to electronically transmit the document to the notary, as required by Executive Order No. 202.7. The notary instructed the wife to mail the agreement back to him, and the husband did not object to this proposed solution. A few days later, the notary received the agreement in the mail, reviewed it, acknowledged the parties' signatures and mailed a copy of the agreement to each of them. The parties thereafter began complying with several terms of the agreement.
The wife later initiated this matrimonial action, seeking, in relevant part, to incorporate but not merge the separation agreement into a judgment of divorce. The husband answered and alleged that the agreement was invalid and unenforceable, and he thereafter moved to set it aside, asserting, among other things, that the agreement was not signed in compliance with Executive Order No. 202.7. Following a hearing, Supreme Court denied the husband's motions. The husband appeals.
The husband's sole argument upon appeal as to the validity of the agreement is that there was a lack of compliance with the requirement of Executive Order No. 202.7 that "[t]he [parties] must transmit by fax or electronic means a legible copy of the signed document directly to the [n]otary on the same date it was signed" (Executive Order No. 202.7), rendering the notary's acknowledgment a nullity and, therefore, the agreement unenforceable. We begin our analysis by noting — as Supreme Court found, the notary confirmed and the husband does not controvert — that the agreement mailed was fully and wholly identical to the one that the parties had agreed upon. We further note that the husband alleges no fraud, duress, coercion, incapacity or other nontechnical ground upon which the agreement should be invalidated.
"An agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded" (Domestic Relations Law[*2]§ 236 [B] [3]); thus, "an unacknowledged agreement is invalid and unenforceable in a matrimonial action" (Matisoff v Dobi, 90 NY2d 127, 136 [1997]; see Galetta v Galetta, 21 NY3d 186, 191 [2013]). Although substantial compliance of an acknowledgement with the relevant statutory mandates is necessary for a separation agreement to be valid and enforceable, mere technical failures of the acknowledgment do not foreclose the validity of an agreement (see Anderson v Anderson, 37 NY3d 444, 458 [2021]; Smith v Smith, 263 AD2d 628, 630 [3d Dept 1999], lv dismissed 94 NY2d 797 [1999]; see also Weinstein v Weinstein, 36 AD3d 797, 798 [2d Dept 2007]).
Contrary to the husband's argument, the minor variation in which the agreement was sent to the notary did not deprive the notary of authority, and it in no way tainted the notarial process. In the absence of any substantive defect in the acknowledgment itself, the election to send the agreement by mail rather than electronic means is a mere technical irregularity that the courts may overlook (see Wager v Rao, 178 AD3d 434, 435 [1st Dept 2019]; Weinstein v Weinstein, 36 AD3d at 798; compare Smith v Smith, 263 AD2d at 630).
We agree with Supreme Court that the acknowledgment process used here fulfilled the requirement "that an acknowledgment must be executed contemporaneously, although not necessarily simultaneously, with the party's signing of the agreement" (Anderson v Anderson, 37 NY3d at 452). This rule "accounts for a reasonable delay between signing and acknowledgment, which might be occasioned by circumstances unrelated to a party's knowing delay or intent to gain leverage over the other party" (id. at 453), as is the case here, where the delay is attributable to the practicalities attendant to the COVID-19 pandemic. The two substantive aspects of an acknowledgment — the oral declaration of the signers and the written certificate of acknowledgment (see Weinstein v Weinstein, 36 AD3d at 798) — are present here, and the two purposes of acknowledgment — proving the identity of the signatories and imposing a measure of deliberation upon them (see Anderson v Anderson, 37 NY3d at 449-450; Galetta v Galetta, 21 NY3d at 191-192) — have been fulfilled. We therefore discern no reason to invalidate the separation agreement. In light of our conclusion, we need not reach the alternative ground for affirmance set forth by the wife.
Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.